1275

Eva McPHERSON, Respondent v. SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant.

(376 S. E. (2d) 780)

Court of Appeals

*Chief Counsel, Victor S. Evans, Asst. Chief Counsel, Michael S. O'Neal, South Carolina Dept. of Highways and Public Transp.* Columbia; and *John B. McCutcheon* and *John B. McCutcheon, Jr., of McCutcheon, McCutcheon & Baxter,* Conway, *for appellant.*

*Carroll D. Padgett, Jr.,* Loris, *for respondent.*

Heard Dec. 12, 1988.

Decided Jan. 16, 1989.

CURETON, Judge:

The trial court granted Eva McPherson's motion for summary judgment on liability. The South Carolina Department of Highways and Public Transportation appeals. We affirm.

Eva McPherson alleged the Department took her private property for public use without the initiation of condemnation proceedings. The Department denied the allegation and asserted it had paid just compensation in 1938 for a Deed to Right-of-Way on and over the lands owned by McPherson's predecessors in title. The Department claimed its activity occurred within the right-of-way and constituted valid highway purposes. McPherson moved for summary judgment on the ground the Department "failed to meet the statutory requirements or failed to attempt to meet the statutory requirements to entitle it to condemn the Plaintiff's property." The trial court granted the motion holding the Department had failed to comply with the requirements of Section 57-5-550, Code of Laws of South Carolina, 1976. In making its decision the trial court relied upon a prior decision of the circuit court in a case involving the same deed. The court held the Department had a full and fair opportunity to litigate the issue of the validity of the deed in the prior case and therefore could not relitigate the issue in this situation. Essentially, the circuit court applied the doctrine

of nonmutual offensive collateral estoppel. The Department argues the application of the doctrine was error.

This Court discussed the application of nonmutual offensive collateral estoppel in *Beall v. Doe*, 281 S. C. 363, 315 S. E. (2d) 186 (Ct. App. 1984). Under the doctrine, a party may be prevented from relitigating an issue which was actually litigated and directly determined in a prior action if the party had a full and fair opportunity to litigate the issue in the first action and there are no other circumstances which justify affording him a second opportunity to retry the issue. *See St. Phillip's Episcopal Church v. S. C. Alcoholic Beverage Control Commission*, 285 S. C. 335, 329 S. E. (2d) 454 (Ct. App. 1985).

The Department claims it did not have a full and fair opportunity to litigate the issue of the right-of-way deed in the prior case. The previous litigation was initiated by the Department in 1978 against L. M. Dew. The Department obtained a rule to show cause against Dew to show why he should not be required to remove and vacate a building he occupied on property located on Highway 9 in Horry County. The Department claimed a right-of-way on the property by virtue of a 1938 deed from Dew's predecessor in title, Burroughs Lumber Company. The order of the circuit court states "[a] hearing was held on January 30, 1968 [sic], at which time testimony was heard and documentary evidence was introduced at that time and additional evidence by way of Affidavits was later furnished the Court by both parties." The order indicates the right-of-way document was not filed with the Clerk of Court in Horry County and the Department relied upon Section 57-5-550 as giving notice to Dew and all others of a right-of-way upon and across his land. The court in the Dew litigation found Dew did not have actual or constructive notice of the right-of-way as the Department had "completely failed to fulfill the requirements of Section 57-5-550 of the Code of Laws of South Carolina, 1976, with respect to indexing and filing the document in question so as to give notice to the Petitioner and the public in general." This factual finding is relevant here because the same right-of-way deed is involved.

The Department has submitted affidavits in this case relating to the indexing and filing system utilized for right-

of-way deeds. These affidavits appear to be more detailed than the affidavits submitted in the Dew case. However, the affidavit of Alvin Ryland indicates there has been no change in the filing and indexing system since its inception. Therefore, this was the same system considered in the Dew litigation. On its face, the order in the Dew litigation indicates a hearing was held, testimony was taken, documentary evidence was introduced, and additional affidavits were permitted. No appeal was taken from the decision. Although the Department may now feel it has a better affidavit in support of its position this does not mean it did not previously have a full and fair opportunity to litigate the matter. To the contrary, it appears the Department had the opportunity but failed to persuade the court upon the evidence presented.

The Department also asserts public concern as to the overall validity of its filing and indexing system makes it inappropriate to apply collateral estoppel against it. The Department asserts its entire system is called into question by the ruling in the Dew case. We do not perceive the same threat as the Department. Only one deed was involved in the Dew case and this case. The evidence in the Dew case related only to the efforts of Dew's counsel to locate the indexing of that particular deed. The situation as to the other right-of-way deeds is not involved.

The decision of the trial court is

Affirmed.

SHAW and BELL, JJ., concur.