2244

Windal M. ROBERTS, Appellant v. RECOVERY BUREAU, INC., Michael G. Smith, and Edwin R. Worrell, Jr., Defendants, of whom Recovery Bureau, Inc. and Michael G. Smith are Respondents.

(450 S.E. (2d) 616)

Court of Appeals

*Benjamin Edward Nicholson, V, McNair & Sanford,* Columbia, *for appellant.*

*Stephen E. Darling, Sinkler & Boyd,* Charleston, *for respondents.*

Heard Sept. 9, 1994.

Decided Oct. 24, 1994.

SHAW, Judge:

This case arises from a three-car automobile accident, and the issues on appeal involve application of offensive and defensive nonmutual collateral estoppel. The trial judge granted and denied various summary judgment motions by the parties based solely on collateral estoppel. The plaintiff appeals the grant of summary judgment to one defendant against her and the denial of her summary judgment motion against another defendant.[1] We reverse on both issues.

## *FACTS & PROCEDURAL HISTORY*

The plaintiff, Windal M. Roberts, was a passenger in a car driven by Thomas L. Lovern. They were stopped behind another vehicle when a car driven by defendant Michael G. Smith, the alleged agent of defendant Recovery Bureau, struck them in the rear. The car behind Smith was driven by defendant Edwin R. Worrell. It is unclear whether Worrell hit Smith, causing Smith to hit Lovern, or whether Smith hit Lovern first and then Worrell hit Smith.

Lovern and Roberts, represented by the same attorney, brought separate actions against Smith, Recovery Bureau, and Worrell under virtually identical complaints. The parties consolidated discovery for the two actions. Although both cases were on the trial docket together, the attorney for Lovern and Roberts requested the Lovern case be tried first since Roberts was under continuing medical care. Lovern's case was tried before a jury which returned a verdict for Lovern against defendant Smith for $10,000 actual damages. The jury found in favor of defendants Recovery Bureau and Worrell.

---

[1] The trial judge denied defendant Worrell's motion for summary judgment, and Worrell does not appeal this ruling.

In the present action, Roberts moved for summary judgment on the issue of liability against Smith under the doctrine of offensive nonmutual collateral estoppel, relying on the jury verdict against Smith in the Lovern v. Smith trial. The trial judge denied the motion, relying on *RE-STATEMENT (SECOND) OF JUDGMENTS* § 29(3) and cmt. e (1982). He held that Roberts' failure to join in the Lovern trial or have the actions tried together, thereby seeking to enjoy the benefits of a favorable outcome but avoid the risk of an unfavorable one, precluded her from relying on offensive nonmutual collateral estoppel against Smith.[2]

Recovery also moved for summary judgment on the basis of defensive nonmutual collateral estoppel, arguing principally that nothing indicated Roberts intended to present any different evidence or arguments on the issue of Recovery Bureau's liability and that the facts and law are identical to the Lovern case. The trial judge found that Roberts, although not a party to the Lovern trial, was in privity with Lovern on the issue of Recovery Bureau's liability. He therefore granted Recovery Bureau's motion for summary judgment.

### ROBERTS v. RECOVERY BUREAU

Roberts first contends the trial judge erred in finding she was collaterally estopped from litigating the issue of Recovery Bureau's liability based on the jury verdict in the Lovern trial. She asserts, because she was neither a party to the prior action nor in privity with Lovern, the judgment in the Lovern trial in favor of Recovery Bureau does not preclude her from seeking a judgment against Recovery Bureau in her trial. We agree.

Under the doctrine of collateral estoppel, once a final judgment on the merits has been reached in a prior claim, the relitigation of those issues actually and necessarily litigated and determined in the first suit are pre-

---

[2] Ordinarily, the denial of summary judgment is not appealable. *Holloman v. McAllister*, 289 S.C. 183, 345 S.E. (2d) 728 (1986). The appellate courts have discretion, however, to consider an unappealable order if an appealable issue is before the court and a ruling on appeal will avoid unnecessary litigation. *Hite v. Thomas & Howard Co. of Florence, Inc.*, 305 S.C. 358, 409 S.E. (2d) 340 (1991). We exercise this discretion to reach and reverse the denial of summary judgment to the plaintiff and avoid unnecessary litigation upon remand.

cluded as to the parties and their privies in any subsequent action based upon a different claim. *Richburg v. Baughman,* 290 S.C. 431, 351 S.E. (2d) 164 (1986). Where one is not a party to the prior action, the only way he can be precluded from relitigating an issue is if he is in privity with a party to the prior action against whom an adverse finding is made. *Richburg,* 351 S.E. (2d) at 166. The term "privy," when applied to a judgment or decree, means one so identified in interest with another that he represents the same legal right. One in privity is one whose legal interests were litigated in the former proceeding. *H.G. Hall Construction Co., Inc. v. J.E.P. Enterprises,* 283 S.C. 196, 321 S.E. (2d) 267 (Ct. App. 1984). "Privity" as used in the context of collateral estoppel, does not embrace relationships between persons or entities, but, rather deals with a person's relationship to the subject matter of the litigation. *Richburg,* 351 S.E. (2d) at 166. Privity is not established from the mere fact that persons may happen to be interested in the same question or in proving or disproving the same state of facts or because the question litigated was one which might affect such other person's liability as a judicial precedent in a subsequent action. 46 Am. Jur. (2d) *Judgments* § 532 at 685-686 (1969). One whose interest is almost identical with that of a party, but who does not claim through him, is not in privity with him. 50 C.J.S. *Judgments* § 788 at 327 (1947). Due process prohibits estopping some litigants who never had a chance to present their evidence and arguments on a claim, despite one or more existing adjudications of the identical issue which stand squarely against their position. *Richburg,* 351 S.E. (2d) at 166.

Roberts never had a full and fair opportunity to litigate the issue of Recovery Bureau's liability. While Roberts clearly has an interest almost identical to that of Lovern, she is not in privity with Lovern and due process precludes the use of collateral estoppel in this instance. Accordingly, we reverse the trial judge's grant of summary judgment for Recovery Bureau.

## *ROBERTS v. SMITH*

Roberts further contends the trial judge erred in finding Smith was not collaterally estopped from relitigating the issue of Smith's liability based on the judgment

against him in the Lovern trial. She argues the trial judge improperly applied *RESTATEMENT (SECOND) OF JUDGMENTS* § 29(3) (1982) which is an exception to the general rule allowing offensive collateral estoppel. We agree.

The offensive use of nonmutual collateral estoppel was first adopted in this State by this court in *Beall v. Doe,* 281 S.C. 363, 315 S.E. (2d) 186 (Ct. App. 1984) and was confirmed as the law of this State by our Supreme court in *S.C. Property and Casualty Ins. Guaranty Assn. v. Wal-Mart Stores, Inc.,* 304 S.C. 210, 403 S.E. (2d) 625 (1991) wherein the court further adopted the general rules set forth in *RESTATEMENT (SECOND) OF JUDGMENTS* §§ 27, 28 and 29 (1982). Under the doctrine of offensive nonmutual collateral estoppel, a party may be prevented from relitigating an issue which was actually litigated and directly determined in a prior action if the party had a full and fair opportunity to litigate the issue in the first action and there are no circumstances which justify affording him a second opportunity to retry the issue. *McPherson v. South Carolina Dept. of Highways and Public Transportation,* 297 S.C. 303, 376 S.E. (2d) 780 (Ct. App. 1989). The question of whether to allow a stranger to use offensive collateral estoppel so as to bar a party from relitigating an issue in a subsequent action is one addressed to the broad discretion of the trial judge. *Palm v. General Painting Company, Inc.,* 296 S.C. 41, 370 S.E. (2d) 463 (Ct. App. 1988), aff'd as mod. 302 S.C. 372, 396 S.E. (2d) 361 (1990). Such a decision is reviewed under an abuse of discretion standard. *Ross-Berger Companies, Inc. v. Equitable Life Assurance Society of the United States,* 872 F. (2d) 1331, 1337 (7th Cir. 1989).

The trial judge found, because Roberts failed to join as a plaintiff in the Lovern action or try the two suits together, she was barred from asserting offensive nonmutual collateral estoppel under the exception to the rule stated in § 29(3) of the Restatement and expounded upon in comment e. § 29(3) provides:

A party precluded from relitigating an issue with an opposing party, in accordance with §§ 27 and 28, is also precluded from doing so with another person unless the fact that he lacked full and fair opportunity to litigate the

issue in the first action or other circumstances justify affording him an opportunity to relitigate the issue. The circumstances to which considerations should be given include those enumerated in § 28 and also whether:

\* \* \* \* \* \*

(3) The person seeking to invoke favorable preclusion, or to avoid unfavorable preclusion, could have affected joinder in the first action between himself and his present adversary.

Comment e provides in pertinent part:

A person in such a position that he might ordinarily have been expected to join as plaintiff in the first action, but who did not do so, may be refused the benefits of "offensive" issue preclusion *where the circumstances suggest that he wished to avail himself of the benefits of a favorable outcome without incurring the risk of an unfavorable one.* Such a refusal may be appropriate where the person could reasonably have been expected to intervene in the prior action. . . . Due recognition should be given, however, to the normally available option of a plaintiff to prosecute his claim without the encumbrance of joining with others whose situation *does not substantially coincide with his own.* (Emphasis added.)

The reporter's note to comment e of § 29(3) indicates a claimant, who simply stayed out of a prior action between others, may ordinarily invoke the benefits of a judgment where the prior action otherwise fulfills the criteria for preclusion. *Ross-Berger,* 872 F. (2d) at 1337 n. 2 (1989).

In *Murray v. Feight,* 741 P. (2d) 1148 (1987), the Supreme Court of Alaska considered § 29(3) and comment e and found the use of offensive nonmutual collateral estoppel was appropriate where there was no evidence the parties, who were originally parties in the first action, "were lying in wait, hoping to exploit a favorable judgment with no risk of being bound by an unfavorable one." 741 P. (2d) at 1154-1155. Neither does the record in the case at hand suggests Roberts' failure to join in the Lovern litigation evidences an impermissible "wait and see" attitude. *Ross-Berger,* 872 F. (2d) at 1337.

The decision of whether to apply the doctrine of offensive

collateral estoppel is clearly in the discretion of the trial judge. However, there simply is nothing to suggest Roberts failed to join the Lovern action for any other reason than that of her medical condition. The fact that application of offensive collateral estoppel will enable her to avail herself of the benefits of Lovern's favorable outcome against Smith without incurring the risks of an adverse one is not determinative. The question is whether the circumstances indicate Roberts was in such a position that she might ordinarily have been expected to join as a plaintiff in the first action, but instead took a "wait and see" attitude in hopes of capitalizing on a favorable outcome and avoiding an unfavorable one. The record suggests only that Roberts' motive in bringing a separate action related to the fact she had not concluded medical care related to her action and, thus, was not ready to proceed with her case when the Lovern trial was called. Accordingly, we find the trial judge abused his discretion in finding Roberts was barred by § 29(3) and comment e from using offensive collateral estoppel.

## CONCLUSION

The order granting summary judgment in favor of Recovery Bureau is reversed. The order denying summary judgment to Roberts on the issue of Smith's liability is also reversed.

Reversed and remanded.

CURETON and GOOLSBY, JJ., concur.