498 S.E.2d 684

**Gerald D. WADE, Jr., Appellant,**

**v.**

**BERKELEY COUNTY, South Carolina, and John Doe, Respondents.**

**No. 2801.**

Court of Appeals of South Carolina.

Heard Feb. 3, 1998.
Decided Feb. 23, 1998.

312

George J. Kefalos, Charleston, for appellant.

Stephen P. Groves, Stephen L. Brown, and Joseph E. Dapore, all of Young, Clement, Rivers, & Tisdale, Charleston, for respondent.

Bonum S. Wilson, III, of Pratt–Thomas, Pearce, Epting & Walker, Charleston, for John Doe, respondent.

GOOLSBY, Judge:

This case involves an automobile accident and workers' compensation. Gerald D. Wade, Jr., (Wade) appeals the circuit court's grant of summary judgment to Berkeley County, South Carolina (County). Wade asserts that Bobby Joe Pierce (Pierce) was acting within the course and scope of his employment with County at the time of the accident, and that the commissioner's ruling in Pierce's workers' compensation hearing does not collaterally estop Wade from litigating this issue. We agree.

In June 1995, Pierce was in his own truck on his way to work as an animal control officer for County on U.S. Highway 17–A. The previous day, he had received a call from an acquaintance concerning a dead dog. Pierce, who considered checking on the dog as part of his job, stopped to check the dog for a collar shortly before the accident. As Pierce proceeded to work, a third vehicle braked in front of him, and Pierce's truck collided head-on with Wade's oncoming truck.

Pierce filed a claim with the South Carolina Workers' Compensation Commission. He contended that he was within the course and scope of his employment when the accident occurred because his supervisor had told him he was on call 24 hours a day, 365 days a year. He had received a two-day suspension in the past for failing to report a call that he had received at home regarding an animal. Pierce wore a pager 24 hours a day, carried some of his job tools in his truck, and had in the past been instructed to perform tasks on his way to and from work while in a county-owned truck.

County asserted that Pierce's pager was for use during work hours, that he had no authority to carry tools in his truck, and that he was not on call 24 hours a day. County also

argued that the person on call dealt with emergency situations, and that a dead dog in a ditch was not an emergency.

The commission found that Pierce was not acting within the course and scope of his employment and did not fall within any exception to the going and coming rule regarding tort liability for the employer when the employee is traveling to and from work. It also found Pierce was violating County policy when he stopped to check on the dog.

Wade sued both Pierce and the unknown driver of the third vehicle, alleging negligence and seeking actual and punitive damages. By Amended Complaint, he substituted County for Pierce, pursuant to the South Carolina Tort Claims Act, S.C.Code Ann. § 15–78–10 (1977 & Supp.1997) (the Act). The court granted County's motion for summary judgment after finding as a matter of law that Wade was collaterally estopped from litigating the issue of whether Pierce had been acting within the course and scope of his employment at the time of the accident, because the commission had already found that Pierce was not.

## LAW/ANALYSIS

### I. SUMMARY JUDGMENT

 Summary judgment should be granted only when no genuine issue as to any material fact exists, and the moving party is entitled to judgment as a matter of law. *Middleborough Horizontal Property Regime Council of Co–Owners v. Montedison*, 320 S.C. 470, 465 S.E.2d 765 (Ct.App.1995) (citing Rule 56, SCRCP). Summary judgment is inappropriate when further inquiry into the facts is desirable to clarify proper application of the law. *Id.* Summary judgment is not appropriate if facts are conflicting, or if the inferences to be drawn from the facts are doubtful. *Alston v. Blue Ridge Transfer Co.*, 308 S.C. 292, 417 S.E.2d 631 (Ct.App.1992). Summary judgment should not be granted even when the evidentiary facts are not in dispute, if there is dispute as to the conclusion to be drawn from those facts. *Carolina Prod. Maintenance, Inc. v. United States Fidelity and Guar. Co.*, 310 S.C. 32, 425 S.E.2d 39 (Ct.App.1992). In deciding a motion for summary judgment, the evidence and all of its inferences must be viewed in the light most favorable to the non-moving party.

*Pryor v. Northwest Apts., Ltd.,* 321 S.C. 524, 469 S.E.2d 630 (Ct.App.1996).

The trial court granted summary judgment to County after finding as a matter of law that Wade was estopped from litigating whether Pierce was acting within the course and scope of his employment because the Workers' Compensation Commission had already decided that issue. We disagree.

## II. COLLATERAL ESTOPPEL

■ Wade contends that because he was not a party and could not, as a matter of law, have obtained review of the action before the commission, he is not bound by the outcome of that proceeding. We agree.

■ A party may assert nonmutual collateral estoppel to prevent relitigation of a previously litigated issue unless the party sought to be precluded did not have a fair and full opportunity to litigate the issue in the first proceeding, or unless other circumstances justify providing the party an opportunity to relitigate the issue. *Slear v. Hanna,* 321 S.C. 100, 467 S.E.2d 761 (Ct.App.1996). One not a party to a prior action can be precluded from relitigating the issue only if he is in privity with a party to the prior action against whom an adverse finding is made. *Roberts v. Recovery Bureau, Inc.,* 316 S.C. 492, 450 S.E.2d 616 (Ct.App.1994).

■ Privity deals with a person's relationship to the subject matter of the previous litigation, not to the relationships between entities. *Richburg v. Baughman,* 290 S.C. 431, 351 S.E.2d 164 (1986). To be in privity, a party's legal interests must have been litigated in the prior proceeding. *H.G. Hall Constr. Co. v. J.E.P. Enter.,* 283 S.C. 196, 321 S.E.2d 267 (Ct.App.1984). Having an interest in the same question or in proving or disproving the same set of facts does not establish privity. *Roberts,* 316 S.C. at 496, 450 S.E.2d at 619. Nor is privity found when the litigated question might affect a person's liability as a judicial precedent in a subsequent action. *Id.*

■ Even one whose interest is almost identical to that of a party, but who does not claim through him, is not in privity with that person. *Id.* Due process prohibits estopping

litigants who never had a chance to present their evidence and arguments on a claim, despite other adjudications of the same issue that stand squarely against their position. *Richburg,* 290 S.C. at 434–35, 351 S.E.2d at 166.

Wade never had a full and fair opportunity to litigate the issue of County's liability, nor could he have appealed the commission's findings. Although Wade's interest is almost identical to Pierce's as to County's liability, he is not in privity with Pierce, and due process precludes the use of collateral estoppel against him.

## III. RESPONDEAT SUPERIOR AND COURSE AND SCOPE OF EMPLOYMENT

█ Wade argues Pierce was acting within the course and scope of his employment at the time of the accident under the "performance of duties" exception to the workers' compensation "going and coming rule," which brings an employee within the scope and course of his employment if he performs duties while he commutes. *Byrd v. Stackhouse Sheet Metal Works,* 317 S.C. 35, 451 S.E.2d 405 (Ct.App.1994). We agree that a jury question exists.

█ The standards of proof for a workers' compensation action, however, differ from the standards for a third-party tort claim. In a workers' compensation claim, if substantial evidence shows an employee acted against the express prohibitions of the employer, the employee would have exceeded the scope of his employment and would be barred from receiving workers' compensation benefits. *Wright v. Bi–Lo,* 314 S.C. 152, 442 S.E.2d 186 (Ct.App.1994). Under the doctrine of respondeat superior in tort law, however, the master is responsible for the acts of his servant even when the servant acts against the express instructions of the master, provided he is acting within the scope of his employment. *South Carolina Ins. Co. v. James C. Greene & Co.,* 290 S.C. 171, 183, 348 S.E.2d 617, 624 (Ct.App.1986).

█ "The modern doctrine of respondeat superior makes a master liable to a third party for injuries caused by the tort of his servant committed within the scope of the servant's employment." *South Carolina Ins. Co.,* 290 S.C. at 179, 348 S.E.2d at 621. When a master-servant relationship

exists, the tort of the servant is imputed to the master by law, without any requirement of fault on the part of the master. *Id.* at 180, 183, 348 S.E.2d at 622, 624. Under this doctrine, the master is liable for the torts of his servant even when the servant acts against the express instructions of his master, so long as the servant acts to further the master's business. *Id.* at 183, 348 S.E.2d at 624.

Code section 15–78–20 of the South Carolina Tort Claims Act governs suits against political subdivisions within the state. The Act grants immunity from tort liability to government subdivisions except as the Act provides. *Id.* § 15–78–20(b). For any tort committed by the entity, its employees, or its agents, the Act provides the exclusive civil remedy, with certain exceptions. *Id.*

Code section 15–78–20(f) limits coverage to employees "acting within the scope of official duty." Provisions relating to limitations and exemptions are to be liberally construed to limit the state's liability. *Id.* For a government employee to be acting within the scope of his official duty or employment, the employee must be (1) "acting in and about the official business of the government entity," and (2) "performing official duties." S.C.Code Ann. § 15–78–30(i) (1977 & Supp.1997).

"What is within the scope of employment may be determined by implication from the circumstances of the case." *Hamilton v. Miller,* 301 S.C. 45, 48, 389 S.E.2d 652, 653 (1990) (citing *Hancock v. Aiken Mills,* 180 S.C. 93, 185 S.E. 188 (1936)). One factor is whether the employee was acting in furtherance of the employer's business when the accident happened. *Id.* Any doubt as to whether the servant was acting within the scope of his authority when he injured a third person must be resolved against the master, at least to the extent of requiring that the question be submitted to the jury. *Adams v. South Carolina Power Co.,* 200 S.C. 438, 21 S.E.2d 17 (1942). An act falls within the scope of the servant's employment if it was reasonably necessary to accomplish the purpose of the servant's employment, and it was done in furtherance of the master's business. *Id.*

The general rule is that an employee driving his own vehicle to and from work is on his own business, and not engaged in work for the master. *Bolin v. Bostic,* 235 S.C. 319,

111 S.E.2d 557 (1959). The employer is not relieved from liability for the employee's negligent driving simply because the employee was using his own vehicle. *Id.* If the employee was using his vehicle in the discharge of his duties with the express or implied consent of the employer, the employer will be liable for damages the employee caused by negligence while acting within the scope of his employment. *Id.* The fact that Pierce was driving his own vehicle at the time of the accident is therefore not determinative of County's derivative liability.

The facts of this case create a jury question as to whether Pierce was acting within the course and scope of his employment when he collided with Wade. Pierce's supervisor admitted that he had previously told Pierce that he was on duty 24 hours a day, 365 days a year. Pierce had, in fact, been previously suspended for failing to report a call received at home while he was off duty. His supervisor had further told Pierce he could face legal liability for actions even during his time off.

Pierce wore a pager and carried work tools in his vehicle. He had been asked before to perform duties on his way to and from work, although at that time he had been driving a county vehicle. On the day of the accident, Pierce checked the dead dog in response to a call placed to him at home. A jury could find that the individual who placed the call did so in reliance on Pierce's official status as animal control officer.

Pierce's supervisor stated that identifying a dog and notifying its owner was a part of the business of Animal Control. The supervisor confirmed that Pierce was acting on call, unauthorized, within County's business when he checked the dog. Pierce asserted that he stopped to check the dog "because that's my job." A jury could find that Pierce was acting in furtherance of his employer's business based upon this evidence.

## CONCLUSION

Because Wade was neither a party nor in privity with a party in the workers' compensation proceeding, he is not estopped from litigating issues raised there. Further, because a genuine issue of material fact exists regarding whether

Pierce was acting within the scope of his employment when the accident occurred, the law does not support the trial court's grant of summary judgment to County. Accordingly, we reverse and remand for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

HEARN and STILWELL, JJ., concur.