552 S.E.2d 767

Margaret T. CARRIGG and Marilyn T. Schmitt, as Personal Representatives of the Estate of Katherine T. Reese, Respondents,

v.

Al CANNON in his Official Capacity as Sheriff of Charleston County, South Carolina, Appellant.

No. 3384.

Court of Appeals of South Carolina.

Heard Dec. 14, 2000.
Decided Sept. 10, 2001.

76

Stephen Bucher, of The Bucher Firm, of Charleston, for appellant.

Gedney M. Howe, III, of Charleston; and H. Stanley Feldman, of N. Charleston, for respondents.

PER CURIAM:

This wrongful death action arises from the death of Katherine T. Reese after her vehicle was struck by a patrol car driven by a Charleston County sheriff's deputy. Margaret T. Carrigg and Marilyn T. Schmitt (Respondents), as personal representatives of Reese's estate, brought this action against Sheriff Al Cannon pursuant to the South Carolina Tort Claims Act, South Carolina Code Annotated §§ 15–78–10 to –200 (Supp.2000) (SCTCA). The circuit court granted Respondents' motion for partial summary judgment, holding Cannon was collaterally and judicially estopped from disputing liability based on the deputy's guilty plea to reckless driving and his statements about the accident. We reverse and remand.

## BACKGROUND

On February 10, 1998, Reese was pulling onto Highway 171 from Southgate Drive when her vehicle was struck by a patrol car traveling north on Highway 171 and driven by Deputy Kenneth Heider. The intersection was controlled by a stop sign on Southgate Drive. Heider, who was on his way to a hearing, admitted he was speeding at the time of the accident and did not have his blue light activated. Reese died at the scene.

Heider was indicted for reckless homicide and pled guilty in August 1998 to the reduced charge of reckless driving. Shortly thereafter, Respondents commenced this wrongful death action against Cannon in his official capacity as Sheriff of Charleston County.

Respondents moved for partial summary judgment, arguing Cannon was collaterally and judicially estopped from disputing liability based on Heider's guilty plea to reckless driving and his statement during the plea proceeding that he accepted "full responsibility" for the accident. Cannon countered by arguing collateral and judicial estoppel were inapplicable in this case and there remained unresolved issues of fact to be determined. Cannon argued Reese's own negligence contributed to the accident because her impaired eyesight from

macular degeneration prevented her from seeing Heider's vehicle and resulted in her failing to yield the right of way.

The circuit court granted partial summary judgment in favor of Respondents as to liability. The court found Cannon was in privity with Heider, who was acting in the course and scope of his employment at the time of the accident. Therefore, the court reasoned, collateral and judicial estoppel prevented Cannon from disputing Heider's "reckless conduct was the proximate cause of [Reese's] injury and death[.]" The court concluded Cannon was liable to Respondents "for damages in such amount as the Court or Jury may hereafter determine." Cannon appeals.

## STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP; *see also Tupper v. Dorchester County,* 326 S.C. 318, 325, 487 S.E.2d 187, 191 (1997) (noting summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law). In determining whether any triable issues of fact exist, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the party opposing summary judgment. *Summer v. Carpenter,* 328 S.C. 36, 42, 492 S.E.2d 55, 58 (1997).

## DISCUSSION

Cannon contends the circuit court erred in finding the doctrines of collateral and judicial estoppel barred him from disputing liability based on the court's erroneous assumption that Cannon was in privity with Heider. We agree.

### I. Collateral Estoppel

"Under the doctrine of collateral estoppel, once a final judgment on the merits has been reached in a prior claim, the relitigation of those issues actually and necessarily litigated and determined in the first suit are precluded as to

the parties and their privies in any subsequent action based upon a different claim." *Richburg v. Baughman,* 290 S.C. 431, 434, 351 S.E.2d 164, 166 (1986); *see also Shelton v. Oscar Mayer Foods Corp.,* 325 S.C. 248, 251, 481 S.E.2d 706, 707 (1997) (noting collateral estoppel or issue preclusion prevents a party from relitigating in a subsequent suit an issue actually and necessarily litigated and determined in a prior action). The party asserting collateral estoppel "must show that the issue was actually litigated and directly determined in the prior action and that the matter or fact directly in issue was necessary to support the first judgment." *Beall v. Doe,* 281 S.C. 363, 371, 315 S.E.2d 186, 191 (Ct.App.1984) (citing in part *Restatement (Second) of Judgments* § 27 (1982)). *See, e.g., Shelton,* 325 S.C. at 254, 481 S.E.2d at 709 (holding Employment Security Commission's findings of fact that an employee was discharged without cause would not be given preclusive effect on the basis of collateral estoppel in employee's subsequent civil action against employer for wrongful termination).

 Only a party to a prior action or one in privity with a party to a prior action can be precluded from relitigating an issue on the basis of offensive collateral estoppel.[1] *Ex parte Allstate Ins. Co.,* 339 S.C. 202, 206, 528 S.E.2d 679, 681 (Ct.App.2000); *Wade v. Berkeley County,* 330 S.C. 311, 317, 498 S.E.2d 684, 687 (Ct.App.1998) ("A party may assert nonmutual collateral estoppel to prevent relitigation of a previously litigated issue unless the party sought to be precluded did not have a fair and full opportunity to litigate the issue in the first proceeding, or unless other circumstances justify providing the party an opportunity to relitigate the issue.").

 " '[T]he term "privity," when applied to a judgment or decree, means one so identified in interest with another that he represents the same legal right.' " *Allstate,* 339 S.C. at 207, 528 S.E.2d at 681 (quoting *Roberts v. Recovery Bureau, Inc.,* 316 S.C. 492, 496, 450 S.E.2d 616, 619 (Ct.App. 1994)). As the *Wade* court explained:

Privity deals with a person's relationship to the subject matter of the previous litigation, not to the relationships

---

1. We are mindful of our supreme court's recent decision in *Doe v. Doe,* 346 S.C. 145, 551 S.E.2d 257 (2001). However, the lack of mutuality discussed therein is not the same as the privity at issue here.

between entities. To be in privity, a party's legal interests must have been litigated in the prior proceeding. Having an interest in the same question or in proving or disproving the same set of facts does not establish privity. Nor is privity found when the litigated question might affect a person's liability as a judicial precedent in a subsequent action.

330 S.C. at 317, 498 S.E.2d at 687 (citations omitted). Due process concerns prohibit estopping litigants who never had a chance to present their evidence and arguments on a claim, despite one or more existing adjudications of the identical issue which stand squarely against their position. *Richburg,* 290 S.C. at 434–35, 351 S.E.2d at 166.

■ Even where all the elements for collateral estoppel are met, it will not be rigidly or mechanically applied, and the application of the doctrine may be precluded where unfairness or injustice results, or public policy requires it. *State v. Bacote,* 331 S.C. 328, 331, 503 S.E.2d 161, 163 (1998) (holding that in a subsequent criminal action for driving under the influence, collateral estoppel did not apply to issues decided at a prior administrative hearing held pursuant to implied consent statute).

The circuit court found Cannon and Heider, as sheriff and deputy, were in privity because Heider was acting within the course and scope of his employment at the time of the accident. The circuit court also noted "Heider, in privity with [Cannon], had a full opportunity in the criminal proceeding to have pled not guilty and have a jury determine whether his driving, which undisputedly resulted in the death of [Reese], was reckless." Respondents argue that since the underlying action is premised on the SCTCA, Cannon, as the agency or political subdivision for which Heider was acting at the time of the accident, is liable for the tortious conduct of his deputy, "making privity between the employee and the agency/political subdivision inescapable."

The circuit court and Respondents both incorrectly analyze the question of privity by focusing on Cannon and Heider's relationship. For purposes of collateral estoppel, privity turns on Cannon's relationship to the subject matter litigated in the prior proceeding, not Cannon and Heider's relationship to

each other. Although Respondents assert privity is established since they would have to bring a claim against Cannon in his official capacity under the SCTCA instead of directly suing Heider, this statutory requirement sheds no light on the issue of privity. To be in privity, Cannon's legal interests must have been represented or litigated during Heider's criminal proceeding and, clearly, this was not the case. Cannon's legal interest in the civil action stands in sharp contrast to Heider's legal interest in the criminal case. Moreover, as a representative of law enforcement, Cannon's interest during the guilty plea proceeding would be more aligned with the prosecution than with Heider, as an indicted defendant, thereby creating a potential conflict of interest for Cannon that would foreclose a finding of privity in a subsequent lawsuit. *See* 50 C.J.S. *Judgment* § 830 (1997) ("Actual or potential conflicts of interest in the previous litigation will negate the necessary element of adequate representation to establish privity." (footnote omitted)).

While the circuit court correctly notes Heider had an opportunity to fully litigate his criminal responsibility, once again, this analysis is misplaced. For the sake of privity, the question is whether Cannon, not Heider, had a full and fair opportunity to litigate the issue of Heider's civil liability, especially in light of Reese's possible comparative negligence. During Heider's guilty plea proceeding, Cannon was unable to present evidence or arguments, had no control over Heider's decision to plead guilty or proceed to trial, and could not have intervened as a party in a criminal proceeding. As such, due process and fairness concerns weigh against finding privity between Cannon and Heider. Therefore, the circuit court erred in ruling Cannon was collaterally estopped from disputing Heider's conduct was the proximate cause of Reese's death.

## II. Judicial Estoppel

"Judicial estoppel precludes a party from adopting a position in conflict with one earlier taken in the same or related litigation." *Hayne Fed. Credit Union v. Bailey*, 327 S.C. 242, 251, 489 S.E.2d 472, 477 (1997). In *Hayne*, the supreme court adopted the doctrine of judicial estoppel as to

inconsistent statements of fact but not for conclusions of law or assertions of alternative legal theories. *Id.; Quinn v. Sharon Corp.*, 343 S.C. 411, 414, 540 S.E.2d 474, 475 (Ct.App. 2000). The *Hayne* court stated "[t]he purpose or function of the doctrine is to protect the integrity of the judicial process or the integrity of courts rather than to protect litigants from allegedly improper or deceitful conduct by their adversaries." 327 S.C. at 251, 489 S.E.2d at 477 (relying on 31 C.J.S. *Estoppel & Waiver* § 139 (1996)). *See also Hawkins v. Bruno Yacht Sales, Inc.*, 342 S.C. 352, 368, 536 S.E.2d 698, 706 (Ct.App.2000) ("[J]udicial estoppel focuses on the relationship between the litigants and the judicial system."). Since judicial estoppel precludes parties from misrepresenting the facts in order to gain an unfair advantage, once "a party has formally asserted a certain version of the facts in litigation, he cannot later change those facts when the initial version no longer suits him." *Hayne*, 327 S.C. at 252, 489 S.E.2d at 477.

Although our supreme court has not explicitly stated the requirements for judicial estoppel to apply, five circumstances are generally necessary: (1) two inconsistent positions must be taken by the same party or parties in privity with each other; (2) the positions must be taken in the same or related proceedings involving the same parties or parties in privity with each other; (3) the party taking the position must have been successful in maintaining the first position and must have received some benefit; (4) the inconsistency must be part of an intentional effort to mislead the court; and (5) the two positions must be totally inconsistent. 28 Am.Jur.2d *Estoppel & Waiver* § 74 (2000); *see also Lowery v. Stovall*, 92 F.3d 219, 223–24 (4th Cir.1996) (noting certain common elements of judicial estoppel are: (1) the party sought to be estopped must be asserting a position of fact that is inconsistent with a stance taken during prior litigation; (2) the prior inconsistent position must have been accepted by the court; and (3) the party sought to be estopped must have intentionally misled the court to gain an unfair advantage).

However, "[b]ecause judicial estoppel is an equitable concept, depending upon the facts and circumstances of each

individual case, application of the doctrine is discretionary." *Hawkins*, 342 S.C. at 368, 536 S.E.2d at 706. *See also Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1167 (4th Cir.1982) (observing judicial estoppel should be applied with caution); 28 Am. Jur.2d *Estoppel & Waiver* § 75 (2000) (noting judicial estoppel is an equitable concept that must be applied with caution and in the narrowest of circumstances at the discretion of the trial court).

Since Cannon was not a party to the guilty plea proceeding, either personally or in his official capacity, the question arises whether judicial estoppel may be invoked against him if he is indeed in privity with Heider. South Carolina law does not specifically address this question, although some authority exists for extending the concept of judicial estoppel to parties in privity. *See, e.g.*, 28 Am.Jur.2d *Estoppel & Waiver* § 74.

However, we find it unnecessary to reach this issue because, under the facts and circumstances of this case, we find Cannon and Heider are not in privity for the purpose of applying judicial estoppel. For essentially the same reasons outlined in the discussion on privity in connection with the collateral estoppel issue, the trial court erred in finding Cannon and Heider were in privity and determining judicial estoppel applied. Heider's guilty plea was entered on an individual basis, totally apart from his official duties as a deputy sheriff. Cannon had no control over what Heider said or did during the guilty plea proceeding. In short, Heider was representing his own personal interests and not acting as an official representative of the sheriff's department while entering his guilty plea. The discretionary nature of judicial estoppel is such that it should not be applied if doing so would work "an injustice against the party being estopped while simultaneously subverting the judicial process." *Hawkins*, 342 S.C. at 368, 536 S.E.2d at 706. Therefore, even if judicial estoppel may be invoked against those in privity in South Carolina, under the facts and circumstances of this case, Cannon and Heider are not in privity and judicial estoppel does not apply.

## CONCLUSION

For the foregoing reasons,[2] the circuit court's grant of partial summary judgment to Respondents on the issue of liability is

**REVERSED AND REMANDED.**

GOOLSBY, HUFF, and STILWELL, JJ., concur.

---

**2.** Although Cannon raises several grounds on appeal, since we are reversing the trial court's decision on the basis of the privity issue, we find it unnecessary to reach Cannon's remaining arguments.