612 S.E.2d 453

**The STATE, Respondent,**

v.

**Karen Ann McCALL, Appellant.**

**No. 3965.**

Court of Appeals of South Carolina.

Heard Jan. 12, 2005.

Decided March 21, 2005.

Rehearing Denied May 19, 2005.

Acting Deputy Chief Attorney Wanda P. Hagler, of Columbia, for Appellant.

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Amie L. Clifford, all of Columbia; and Solicitor Druanne Dykes White, of Anderson, for Respondent.

SHORT, J.:

In this appeal from a criminal case, Appellant Karen Ann McCall argues that her conviction should be overturned on the ground that the State should be judicially estopped from prosecuting her. We affirm.

## FACTS

In December 2000, John Richard Wood left the scene of an incident in Greenville County[1] on a moped scooter, weaving through heavy traffic. Wood then rode behind a building, parked the scooter and got into a Jeep driven by McCall. The Jeep sped off with McCall at the wheel and witnesses called

---

1. *See State v. Wood*, 362 S.C. 135, 607 S.E.2d 57 (2004).

the police with the Jeep's license tag number. Wood and McCall fled to Anderson County where authorities located and followed them before a high-speed chase ensued. The Jeep's back window rolled down and Wood fired several rounds of shots at police with a gun owned by McCall, resulting in a bullet fragment striking an officer in the head. Subsequently, the Jeep rammed into a van and veered into oncoming traffic, and Wood carjacked a pickup truck. Wood and McCall continued fleeing from the police. The chase ultimately ended in a standoff in which Wood was also shot.

A trial of Wood was held in Greenville County and McCall was not named as a defendant. She testified that she had acted under duress, arguing essentially that Wood coerced her into assisting him through threats with the gun as well as with physical force. The State offered her no grant of immunity, nor made any promises or deals in order to obtain this testimony.

Subsequently in Anderson County, McCall was charged with, among other things, criminal conspiracy. At a pretrial hearing, McCall moved to quash the indictments, arguing that because the State called her as a witness in the Greenville trial and allowed her to testify she acted under duress, the State should be judicially estopped from prosecuting her as a co-conspirator in the Anderson case. The trial court denied the motion, finding McCall's testimony in Greenville largely self-serving.

After a joint trial with co-defendant Wood, where McCall asserted the defense of duress in keeping with her testimony in Greenville, the jury convicted her of criminal conspiracy, failure to stop when signaled by a law enforcement vehicle, resisting arrest with a deadly weapon, armed robbery, three counts of assault with intent to kill, one count of assault and battery with intent to kill, and one count of assault and battery of a high and aggravated nature. The circuit court sentenced McCall to prison for twenty-five years. This appeal follows.

## STANDARD OF REVIEW

In criminal cases, an appellate court sits to review errors of law only. *State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d

827, 829 (2001). This court is bound by the trial courts factual findings unless they are clearly erroneous. *Id.* at 6, 545 S.E.2d at 829.

## LAW/ANALYSIS

 South Carolina officially recognized the doctrine of judicial estoppel in *Hayne Fed. Credit Union v. Bailey,* 327 S.C. 242, 251, 489 S.E.2d 472, 477 (1997). "Judicial estoppel precludes a party from adopting a position in conflict with one earlier taken in the same or related litigation." *Id.* The purpose of judicial estoppel is to protect the integrity of the courts, not to protect litigants from allegedly improper or deceitful conduct by their adversaries. *Hawkins v. Bruno Yacht Sales, Inc.,* 353 S.C. 31, 42, 577 S.E.2d 202, 208 (2003); *see also Quinn v. Sharon Corp.,* 343 S.C. 411, 540 S.E.2d 474 (Ct.App.2000) (Anderson, J., concurring) (providing a thorough discussion of the history, purpose, and application of judicial estoppel). Judicial estoppel in South Carolina generally applies only to inconsistent statements of fact, not inconsistent positions of law. *Carrigg v. Cannon,* 347 S.C. 75, 82–83, 552 S.E.2d 767, 771 (Ct.App.2001).

 The elements of judicial estoppel are as follows: (1) two inconsistent positions taken by the same party or parties in privity with one another; (2) the positions are taken in the same or related proceedings involving the same party or parties in privity with one another; (3) the party taking the position must have been successful in maintaining that position and received some benefit; (4) the inconsistency must be part of an intentional effort to mislead the court; and (5) the two positions must be totally inconsistent. *Cothran v. Brown,* 357 S.C. 210, 215–16, 592 S.E.2d 629, 632 (2004).

South Carolina courts have not addressed the applicability of judicial estoppel in criminal cases. To date, all cases involving judicial estoppel have arisen in the civil context, although one court considered applying judicial estoppel in a civil case based on a prior guilty plea. *Carrigg,* 347 S.C. at 84, 552 S.E.2d at 772 (holding that judicial estoppel did not apply based on lack of privity). North Carolina has recently rejected the use of judicial estoppel in criminal cases. *See Whitacre Partnership v. Biosignia, Inc.,* 358 N.C. 1, 591 S.E.2d 870

(2004) (providing extensive discussion of the doctrine and holding that judicial estoppel applies only in civil cases).

■ We need not reach the issue of whether judicial estoppel applies in criminal cases, however, because even if the doctrine applied, McCall's case fails to meet the required elements. The purpose of judicial estoppel would not extend to cases such as this one. Nothing in the State's conduct would impinge on the integrity of the courts. McCall was simply permitted to testify in the prior proceeding as a fact witness.

Secondly, judicial estoppel would not apply here because the allegedly contradictory positions involve issues of law. The facts are undisputed. McCall is simply arguing that the State impliedly acknowledged the validity of her defense of duress in the prior case. Additionally, since McCall was not charged in Greenville, a separate judicial circuit from Anderson, the State had no reason to challenge her testimony. Thirdly, the privity requirement is not met. The Greenville case was against Wood and McCall was only a witness. As the trial judge noted, although both cases involved the same incident involving McCall and Wood, the State did not have the same motive to cross-examine McCall.

■ Finally, there is absolutely no evidence that the allegedly contradictory positions were taken in a deliberate attempt to mislead the court. *See Cothran,* 357 S.C. at 217, 592 S.E.2d at 632 (requiring some evidence of intent to mislead). The trial judge noted "as a fact witness, Ms. McCall's purpose was obviously to link the primary defendant, Mr. Wood, to the crimes in Greenville County." "The doctrine of judicial estoppel ... should be applied sparingly, with clear regard for the facts of the particular case." *Id.* Judicial estoppel "must not be applied to impede the truth-seeking function of the court." *Id.*

We think the application of judicial estoppel in a case such as this one would impede the truth-seeking function of the court. McCall's testimony was necessary in Wood's trial for purposes unrelated to her case. Estopping the State from later prosecuting McCall would have the effect of unduly limiting the prosecution's ability to seek justice. Thus, without reaching the issue of whether judicial estoppel applies in

South Carolina in criminal cases, we hold that McCall has failed to make out a case for judicial estoppel. We affirm the trial court's denial of McCall's motion to quash the indictments.

**AFFIRMED.**

ANDERSON and STILWELL, JJ., concur.