THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Shirley Towne, Appellant,
 
 
 

 v.
 
 
 
 
 State Farm Mutual Automobile Insurance Company, State Farm Fire and Casualty Company, Hank Gaddis, Bernard Stanley, and Clean It, Inc., d/b/a Pro Clean, Defendants,
 of whom State Farm Fire and Casualty Company are Respondents.
 
 
 
 

Appeal From Richland County
 G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2005-UP-255
Heard April 4, 2005  Filed April 7, 2005

REVERSED

 
 
 
 Todd Raymond Ellis, of Columbia, for Appellant.
 Robert McKenzie, and Gary H. Johnson, II, both of Columbia, for Respondents.
 
 
 

PER CURIAM:  In this civil action, Shirley Towne appeals the circuit courts grant of judgment notwithstanding the verdict (JNOV) in favor of State Farm Fire and Casualty Company, arguing the circuit court erred in holding judicial estoppel precluded Townes argument to the jury.  We reverse.
FACTS

In November 1999, a van driven by Bernard Stanley crossed the roadways center line and hit a vehicle driven by Towne, causing her to suffer various injuries.  In November 2001, Towne initiated this action claiming personal injury and defamation.  In her complaint, Towne asserted Clean It, Inc., doing business as Pro Clean, owned the van driven by Stanley.  Pro Clean filed an answer admitting ownership of the vehicle driven by Stanley and admitting the accident occurred while Stanley was acting within the course and scope of his employment with Pro Clean.  State Farm filed an answer and counterclaim, questioning whether its commercial liability policy issued to Pro Clean provided coverage for the accident.  
In December 2001, State Farm proposed a settlement, offering Towne the limits of Pro Cleans liability policy as well as Townes underinsured motorist coverage.[1]  Towne accepted the settlement and executed a covenant and agreement not to execute in consideration for the payment of the limits of Pro Cleans policy in the amount of $100,000.00.  Towne also obtained payment of an additional $100,000.00 from her underinsured motorist carrier in exchange for a policy release.  In executing both settlement agreements, Towne made certain factual representations, including the assertion that the vehicle operated by Stanley was owned by Pro Clean.  The covenant and agreement not to execute and the policy release made no assertions or representations that the vehicle driven by Stanley was owned or non-owned under State Farms commercial liability policy issued to Pro Clean.  Towne specifically reserved the right to pursue recovery in the settlement documents under the commercial liability policy and that was the sole issue for consideration in State Farms declaratory judgment action.
When the declaratory judgment action proceeded to trial, Towne argued the vehicle driven by Stanley in the accident constituted a non-owned vehicle under the definition provided in State Farms commercial liability policy issued to Pro Clean.  State Farm moved for a directed verdict based on judicial estoppel, arguing that Towne was precluded from asserting the vehicle was non-owned under the commercial liability policy because she had previously asserted that Pro Clean owned the vehicle.  The circuit court denied the motion, holding judicial estoppel was inapplicable to this action because Towne had not persuaded a court to accept her earlier position regarding ownership of the vehicle and was not attempting to mislead the court with a new position.  The issue was submitted to the jury, which found the vehicle to be non-owned under the definition found in the policy.  State Farm moved for JNOV, arguing Towne should be judicially estopped from arguing the non-owned vehicle exception to the jury because she had previously asserted that Pro Clean owned the vehicle involved in the accident.  The motion was granted by the circuit court.  Towne timely appealed.
STANDARD OF REVIEW

 In ruling on a motion for JNOV, the trial judge should not disturb the factual findings of a jury unless a review of the record discloses no evidence that reasonably supports them.  Horry County v. Laychur, 315 S.C. 364, 367, 434 S.E.2d 259, 261 (1993).  The jury verdict will be upheld if there is any evidence to sustain the factual findings implicit in the jurys verdict.  Shupe v. Settle, 315 S.C. 510, 515, 445 S.E.2d 651, 654 (Ct. App. 1994).  In making this determination, the judge must view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party.  Gilliland v. Doe, 357 S.C. 197, 199, 592 S.E.2d 626, 627 (2004).  The trial court is concerned with the existence of evidence, not its weight.  Curcio v. Caterpillar, Inc., 355 S.C. 316, 320, 585 S.E.2d 272, 274 (2003).  The trial judge must deny the motion when the evidence yields more than one inference or its inferences are in doubt.  Jinks v. Richland County, 355 S.C. 341, 345, 585 S.E.2d 281, 283 (2003).  
When considering the motion, neither this court nor the trial court has authority to decide credibility issues or to resolve conflicts in the testimony and evidence.  Reiland v. Southland Equipment Service, Inc., 330 S.C. 617, 634, 500 S.E.2d 145, 154 (Ct. App. 1998).  We will reverse the trial courts ruling on a JNOV motion only when there is no evidence to support the ruling or where the ruling is controlled by an error of law.  Hinkle v. Natl Cas. Ins. Co., 354 S.C. 92, 96, 579 S.E.2d 616, 618 (2003).
LAW/ANALYSIS
I.  Judicial Estoppel
Towne asserts the trial court erred in granting State Farms motion for JNOV in finding judicial estoppel precluded Towne from taking the position argued to the jury.  We agree.
Judicial estoppel is an equitable concept that prevents a litigant from asserting a position inconsistent with, or in conflict with, one the litigant has previously asserted in the same or a related proceeding.  Hayne Fed. Credit Union v. Bailey, 327 S.C. 242, 251, 489 S.E.2d 472, 477 (1997).  Judicial estoppel as an equitable concept is a discretionary doctrine and should be applied sparingly with clear regard for the facts of the particular case.  Hawkins v. Bruno Yacht Sales, 342 S.C. 352, 368, 536 S.E.2d 698, 706 (Ct. App. 2000).  The application of judicial estoppel must be determined on a case-by-case basis, and must not be applied to impede the truth-seeking function of the court.  Carrigg v. Cannon, 347 S.C. 75, 83-84, 552 S.E.2d 767, 772 (Ct. App. 2001).  The purpose of the doctrine is to ensure the integrity of the judicial process, and to prevent manipulation of the judicial system by the litigants.  Quinn v. Sharon Corp., 343 S.C. 411, 414, 540 S.E.2d 474, 475 (Ct. App. 2000).  
In Carrigg v. Cannon, 347 S.C. 75, 83, 552 S.E.2d 767, 772 (Ct. App. 2001), this court provided the following general guidelines for the doctrine of judicial estoppel to apply: (1) two inconsistent positions taken by the same party or parties in privity with one another; (2) the positions must be taken in the same or related proceedings involving the same party or parties in privity with each other; (3) the party taking the position must have been successful in maintaining that position and have received some benefit; (4) the inconsistency must be part of an intentional effort to mislead the court; and (5) the two positions must be totally inconsistent.  Recently, in Cothran v. Brown, 357 S.C. 210, 215-16, 592 S.E.2d 629, 632 (2004), our supreme court reaffirmed the Carrigg guidelines, holding them to be necessary elements for the doctrine of judicial estoppel to apply.
The evidence in this matter fails to satisfy the fourth necessary element of judicial estoppel.  The Cothran court held, as an element of judicial estoppel, the inconsistency must be part of an intentional effort to mislead the court.  Id. at 215-16, 592 S.E.2d at 632.  We find no evidence Towne sought to intentionally mislead the trial court.  To the contrary, the issue advanced to the jury in the declaratory judgment action was whether the vehicle involved in the accident qualified as a non-owned vehicle under the definition provided in State Farms commercial liability policy.  An assertion of ownership made by Towne in pleadings or in settlement documents does not preclude adjudication of that separate contract issue, nor does it preclude a finding that the vehicle qualified under the definition found in the policy.  Therefore, there was no intentional effort to mislead the court by Towne and without an intentional effort to mislead the court judicial estoppel cannot apply.
II.  Additional Sustaining Grounds
State Farm advances three additional sustaining grounds to allow this court to affirm the trial courts grant of JNOV in the event we find judicial estoppel inapplicable to the facts of this case.  Essentially, State Farm alleges Towne should be judicially bound by her pleadings.  We find this argument to be without merit.  
We hold any representations made by Towne in her pleadings in regard to the ownership of the vehicle involved in the accident are separate and distinct from the issue of whether the vehicle constitutes an exception to the non-owned vehicle coverage afforded in State Farms commercial liability policy issued to Pro Clean.  Therefore, any representations made by Towne in her pleadings have no bearing on whether the vehicle constitutes a non-owned vehicle under the definition found in the commercial liability policy and do not judicially bind Towne in the declaratory judgment action.
REVERSED. 
ANDERSON, BEATTY and SHORT, JJ., concur.

[1] State Farm provided insurance both to Towne as underinsured motorist coverage and Pro Clean as liability coverage and a commercial liability policy.