634 S.E.2d 9

**James S. RICHARDSON and Karolina
M. Richardson, Respondents,**

v.

**DONALD HAWKINS CONSTRUCTION, Inc., Donald Hawkins,
Sharon Preu, as Personal Representative for the Estate of
Joseph Taylor, and James Hodge, Defendants,**

**Of Whom Donald Hawkins Construction, Inc.
and Donald Hawkins are Appellants.**

**No. 4118.**

Court of Appeals of South Carolina.

Heard April 6, 2006.
Decided May 30, 2006.
Rehearing Denied Aug. 25, 2006.

126

Kenneth R. Young, Jr., of Sumter, for Appellants.

Steven Smith McKenzie, of Manning, for Respondents.

WILLIAMS, J.

Donald Hawkins Construction, Inc., and Donald Hawkins (Appellants) appeal a jury verdict, arguing the trial court erred in excluding statements by a deceased co-defendant as hearsay after admitting other statements, unfavorable to their case, by the same co-defendant. We reverse and remand for a new trial.

## FACTS

James and Karolina Richardson purchased a home from Appellants in 1999. After moving in, the Richardsons noticed several cosmetic and structural problems with the home, especially regarding some tile flooring that was continually cracking. Initially, Appellants responded to the Richardsons' complaints by sending someone to repair the problems. As the problems continued, however, Appellants ceased responding to the Richardsons' service requests. In early 2001, the Richardsons retained legal counsel who contacted Appellants by letter asking that the home repairs be completed. Appellants did not respond.

On March 12, 2001, the Richardsons' residence was severely damaged by fire. Investigators concluded the fire was caused by arson. After a year of investigation, a break in the case led the police to Joseph Taylor, an employee of Appellants. On May 21, 2002, the police questioned Taylor about the arson. Following questioning, Taylor gave the police a written statement (Statement One) in which he claimed to have overheard his employer, Donald Hawkins, offer a coworker, James Hodge, $2000 to burn down the Richardsons' home. According to Statement One, subsequent conversations be-

tween Taylor and Hodge confirmed that Hodge carried out the plan to some degree of success.

Due to investigators' suspicions that Taylor was more involved in the arson than he revealed in Statement One, he was interviewed again later that afternoon. Following this interview, Taylor submitted another written statement to the police (Statement Two). In Statement Two, Taylor admitted Hawkins approached both him and Hodge and offered them $2,000 to burn down the Richardsons' home. Together, they decided the best time to commit the arson. While Taylor acted as lookout, Hodge entered the crawl space of the home and ignited a jug filled with flammable liquid. The following day, Hodge told Taylor that, because the house was not completely destroyed, Hawkins gave him only half of the promised $2000. Taylor claimed he never received compensation from Hodge or Hawkins for his help in committing the arson.

Two days after giving the police the written statements, Taylor wrote and signed the following statement (Statement Three) before two witnesses and a notary:

> I Joseph Taylor has [sic] never been paid by Donnie Hawkins for doing anything illeagle [sic]. Donnie paided [sic] me for subcontracting carpentry work only. I have never heard or seen him pay anyone to do anything illeagle [sic]!

According to Taylor's mother, Sharon Preu, Taylor visited her shortly after being questioned by the police. Preu claims Taylor told her the police "had him in Sumter all day long and ... cussed at him." Preu contends that Taylor stated he was promised leniency and no jail time if he confessed to the arson, so he "stated that him and Mr. Hodge had done it ... [but] that it was all a lie, [he stated] they had offered him two years probation if he was to go along with it" (Statement Four). After discussing the events with Preu, Taylor spoke to an attorney, turned himself in to the police, and was released on a personal recognizance bond.

The Richardsons consented to having all criminal charges regarding the arson dropped in order to pursue civil charges against those allegedly involved. A civil suit was filed against Taylor, Hodge, Hawkins, and Donald Hawkins Construction, Inc. Taylor was served a summons and complaint, but failed to file an answer. In May 2003, the Richardsons filed an

affidavit of default as to defendant Taylor. In January 2004, before the Richardsons' case went to trial, Taylor died in an automobile accident.

In September 2004, the circuit court ruled on several pretrial matters, including the admissibility of Statements One, Two, and Three. The court first ruled on the status of the Richardsons' case against Taylor's estate, represented after his death by Preu. The court found that Taylor's failure to answer the Richardsons' complaint prior to his death put his estate in the procedural posture of having admitted all of the allegations contained in the complaint. As to Statements One and Two, the court found them admissible against the remaining defendants under the statements against interest exception to hearsay described in Rule 804(b)(3), SCRE. The circuit court, however, excluded Statement Three under a Rule 403, SCRE, analysis, concluding that its probative value was substantially outweighed by the danger of unfair prejudice because, due to his default, Taylor was deemed to have admitted all allegations in the complaint.

Upon a contemporaneous objection by the defense at trial, the circuit revised its basis for the admission of Statement One. The circuit court found Statement One admissible as a statement by a co-conspirator of a party during the course and furtherance of a conspiracy pursuant to Rule 801(d)(2)(E), SCRE. The circuit court upheld its ruling in limine on Statement Two, admitting the statement under the statement against interest exception to hearsay. During the course of trial, the defense also sought to present the testimony of Preu concerning Taylor's Statement Four. The circuit court found that Statement Four was classic hearsay and did not fall within an established exception to the hearsay rule; thus, it was inadmissible.

At the conclusion of trial, the jury found the defendants liable and awarded the Richardsons $84,758 in actual damages and $150,000 in punitive damages against Hawkins Construction; $5,500 in actual damages and $5,000 in punitive damages against Hodge; and $5,500 in actual damages and $250,000 in punitive damages against Hawkins. The jury did not award the Richardsons any damages against Taylor's estate. Hawkins Construction and Hawkins appeal the verdict.

## STANDARD OF REVIEW

■ "The admission of evidence is within the sound discretion of the trial judge, and absent a clear abuse of discretion amounting to an error of law, the trial court's ruling will not be disturbed on appeal." *Peterson v. National R.R. Passenger Corp.*, 365 S.C. 391, 399, 618 S.E.2d 903, 907 (2005).

## DISCUSSION

■ Appellants argue the circuit court erred in excluding Taylor's arguable recantations of his confession, while admitting those statements which address the defendants' culpability. We agree.

Although the rule is rarely addressed in South Carolina case law, we conclude these statements fall soundly within Rule 806, SCRE, which reads as follows:

RULE 806. ATTACKING AND SUPPORTING CREDIBILITY OF DECLARANT

When a hearsay statement, or a statement defined in Rule 801(d)(2)(C), (D), or (E) has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if declarant had testified as a witness. Evidence of a statement or conduct by the declarant at any time, inconsistent with the declarant's hearsay statement, is not subject to any requirement that the declarant may have been afforded an opportunity to deny or explain.

We believe Taylor's Statements Three and Four fit squarely within the mandates of Rule 806. Statements One and Two were first admitted into evidence under Rule 801(d)(2)(E) and as an exception to the hearsay rule under Rule 804(b)(3). Pursuant to Rule 806 and basic concepts of fairness, the defense should have then been allowed to impeach the unavailable declarant with evidence of his statements that were inconsistent with Statements One and Two (evidence which would have certainly been explored for impeachment purposes had Taylor testified as a witness).

■ Furthermore, we do not believe Taylor's status as a defaulting party should bear so heavily on his co-defendants as

to warrant the exclusion of all evidence favorable to their defense. Generally, an admission by a party, procedurally or otherwise, applies only to the admitting party. *See, e.g., Carrigg v. Cannon,* 347 S.C. 75, 81, 552 S.E.2d 767, 770 (Ct.App.2001) ("Due process concerns prohibit estopping litigants who never had a chance to present their evidence and arguments on a claim. . . ."). Although Taylor defaulted in failing to timely answer the Richardsons' complaint and was thus procedurally deemed to have admitted its allegations, defendants Hawkins Construction, Hawkins, and Hodge have not had an opportunity to present their evidence inconsistent with Taylor's admissions. The circuit court's ruling excluding Taylor's inconsistent statements on the basis of his default essentially bars Taylor's co-defendants from rebutting the case against them which relied so heavily on Taylor's inculpatory statements.

For the foregoing reasons, the jury verdict in favor of the Richardsons is **REVERSED** and the case is **REMANDED** for a new trial.

BEATTY and SHORT, JJ., concur.