Columbia, April, 1874.

HEARD APRIL TERM, 1874.

## LUCKEN vs. WICHMAN.

In a case triable by the Court, under Section 277 of the Code of Procedure, a party has no right to demand a jury unless he proceeds in the manner prescribed by the 29th Rule of the Circuit Courts.

Where a jury is not demanded in a case triable by the Court the mode of trial, whether by the Judge, a Referee, or a jury, is discretionary with the Court.

An action against an administrator, for account and distribution, by plaintiffs, alleging themselves to be the wife and children of the intestate, is triable by the Court, although the only issue made by the pleadings is the fact of marriage.

The declaration in the Bill of Rights, Section 11, that "the right of jury trial shall remain inviolate," does not apply to cases within the equitable jurisdiction of the Court.

Where, in cases triable by the Court, the Judge is in doubt as to the conclusion deducible from the evidence, he may submit the question to a jury. and if his conscience is not enlightened by the finding, he may submit it to another jury, or even disregard the finding altogether, and adopt a different conclusion.

Where the appeal is from a decision resting wholly upon fact, the *onus* is upon the appellant to make it clearly appear that the conclusion is erroneous.

BEFORE MAHER, J., AT COLLETON, FEBRUARY TERM, 1873.

This was an action by Rosina A. Lucken and her four infant children, Catharine A. Lucken, Theodora B. Lucken, John T. Lucken and Welham Lucken, against Albert Wichman, administrator of Henry W. Lucken, deceased, for account and distribution.

The complaint alleged that Henry W. Lucken died intestate, leaving as his heirs and distributees, the plaintiff, Rosina A., his wife, and the other plaintiffs, his children ; that he left a considerable personal estate, and that the defendant had administered thereon.

The fact of marriage between the plaintiff, Rosina A., and the intestate, was denied by the answer, and this was the only issue made by the pleadings.

The case was tried by the Court without a jury, and His Honor, after hearing the evidence, written and oral, and argument of counsel, filed a judgment, in which he stated his finding of fact to be, that no contract of marriage had ever been made between the intestate and the plaintiff, Rosina A., and that they never held to each other the relation of husband and wife, and adjudged that the complaint be dismissed with costs.

The plaintiff appealed upon grounds, which objected—

1. To the jurisdiction of the Court to try the issue in the action without a jury.

2. To the trial of the issue in the action by the Court without a jury.

And upon other grounds setting forth exceptions to the conclusions of the Court upon questions of fact.

*Henderson & Behre, Youmans, Williams & Fox*, for appellants.

*Tracy & Bell*, contra.

Nov. 9, 1874. The opinion of the Court was delivered by

MOSES, C. J. That the question of marriage was to be considered and determined by the issue made in the cause did not necessarily demand its reference to a jury. Important as that fact and the consequences which follow it may be to the appellants, it, of itself, constitutes no exception to the mode of trial provided by law.

Issues of fact in certain actions must be tried by a jury, unless waived in the manner prescribed by the Code, (Section 276,) while "every other issue" is triable by the Court which, however, may order it, or any specific question of fact involved therein, to be tried by a jury or Referee, (Section 277). The 29th Rule of the Circuit Court directs the course which must be followed in cases where the trial of issues of fact is not provided for in Section 276 of the Code, when either party shall desire a trial by jury.

It appears from the record before us that a jury was not claimed under the Rule, and the mode of trial, therefore, was discretionary with the Court. The complaint was for an account and distribution of the estate of an intestate. The form of proceeding in that Court, where relief is invoked through other than its common law power, never required a jury as an indispensable adjunct. The whole case is left to the determination alone of the Judge, and the 11th Section of the Declaration of Rights, which requires that "the right of jury trial shall remain inviolate," was not impaired, because no change in the administration of the equitable functions of the Court had been made in this regard.

If, however, the parties had a legal claim to a jury, and withheld their application, with what semblance of reason or justice can they complain of any deprivation of their rights? Having the power to demand a reference of the issues of fact to a jury, they chose to submit it to the decision of the Judge, who had complete

jurisdiction without its intervention. Can they, after this, complain that his judgment is void, when they refrained from asking, in due form, a trial by jury, which, on demand, must have been accorded to them?

The issues of fact, as well as of law, were for the judgment and determination of the presiding Judge, and if his conclusion, from the testimony in regard to the facts, was, in his own mind, so free from doubt as not to require the aid of a jury in their solution, any reference to such a tribunal would have really been without meaning or design. The purpose of the evidence was to produce a conviction in the mind of the Court, and when this was accomplished, its whole end had been answered. If it was in doubt as to any question of fact arising in the case, it was at liberty, at its discretion, to refer it to a jury. Such, too, was the practice heretofore in the highest appellate Court in this State, in cases brought before it involving facts of doubtful issue. But, even there, the verdict of the jury on the facts was not held conclusive, and it would either disregard the finding and decide for itself, or send the issue to another jury for trial. This practice was not founded on any supposed rights of the parties, or followed out of any·deference to them, but was purely, and only, to satisfy the conscience of the Court. If it was convinced by the testimony, it adopted its own conclusions, independent of any aid or sanction through the help of a jury.

Here, after a very full, nay, exhausted examination and consideration of the evidence, the Circuit Judge has reached a conclusion, so far as we can infer from his decree, without any reservation of doubt.

We do not propose to enter into any discussion in regard to the testimony introduced at the trial by the respective parties, on the comparative weight of which the judgment of the Court rested.

The existence of a marriage is a question of fact. Whether founded on an express contract, or inferred from circumstances, which necessarily imply that the relation of husband and wife existed between the parties, the result must be obtained through the medium of the evidence adduced in the cause. If it depends on an express contract, there will be less difficulty in ascertaining the fact, for there the evidence will refer to a particular transaction, and nothing is to be determined but its effect. If, however, it depends on cohabitation and repute, then the effect must be judged by a comparison of all the circumstances relied on by both sides, and even cohabitation

and repute will not avail " where the proof is clear that the parties were never married." Such is the result of the authorities in South Carolina, and, if we err not, in all the States where marriage is regarded merely in the light of a civil institution.

Where a decree resting alone on facts is sought to be reversed, the contestant must show that it is clearly erroneous. The obligation thus imposed upon him is necessarily a light one, for if the error is clear, there will be no difficulty in exposing it. In *Sullivan* vs. *Thomas,* 3 S. C., 545, this Court is said to have all the powers of the late Court of Appeals and Court of Errors, as it regards " cases of Chancery," and can revise any decision on the ground of errors of law or fact. "The Court of Appeals would not disturb the decision of a Judge, as to a question of fact, when the determination of the fact rested upon doubtful or disputable proof, but sustained the conclusions of fact of the Court below, unless ·clearly erroneous."—*Ibid.* In *Williams* vs. *Beard,* 1 S. C., 325, we had occasion to declare, after a review of the course of the Courts of the last resort in this State, in regard to the judgment of a Chancellor, on mere questions of fact, that a party seeking its reversal must shew " that the overbearing weight of the testimony leads to a conclusion different from that to which, on consideration of it, he has adopted." The same rule was announced in *Womack* vs. *Austin,* 1 S. C., 438. We can discover in the decree before us no such error of fact as to authorize our interference.

It is true, as said in the able argument of the counsel for the appellants, that in cases of this character the Court will, if possible, give such a construction to the acts of the parties as will save the reputation of the woman and free the children from the brand of bastardy.

Where the acts in proof create such a doubt that the judicial mind vacillates and hesitates between adverse conclusions, the benignant rule which requires a construction favorable to that result, which will preserve the character of those concerned, may well be applied. But where the Court is not left in doubt, its consequences upon individuals must be disregarded.

The marriage relation must, in fact, exist between parties who claim the benefits which follow it. The proprieties which regulate society, and without which some of its dearest and most cherished objects would be defeated, must be preserved in their purity. In *Agg* vs. *Davies,* 2 Phil., 344, it is said: "The public has an interest

in having the lawful relation of parties clearly ascertained." Mr. Poynter, in his work on Marriage and Divorce, p. 56, says: "While society grants certain civil advantages to marriage, it has a right to dictate the conditions on which such advantages are to be obtained;" * * * "besides, as marriage depends on society for protection, it is highly expedient that its existence should be unequivocally demonstrated."

We fail to perceive in the case any evidence by which the marriage relation between the parties can be said to have existed, and the motion is dismissed.

*Wright*, A. J., and *Willard*, A. J., concurred.