592 S.E.2d 629

**Ferrell COTHRAN, Personal Representative of the Estate of Douglas H. McFaddin, Respondent,**

v.

**Alvin BROWN, Petitioner.**

**No. 25778.**

Supreme Court of South Carolina.

Heard Nov. 6, 2003.

Decided Jan. 27, 2004.

---

212

William B. Woods, Donna Seegars Givens and Darra James Vallini, all of Woods & Givens, LLP, of Lexington, Samuel R. Clawson and Timothy A. Domin, both of Clawson & Staubes, of Charleston, for Petitioner.

Daniel Holt Shine, of Shine Law Offices, of Dillon;  Gedney M. Howe, III, of Law Offices of Gedney M. Howe, III, P.A., of Charleston;  John C. Land, of Land, Parker & Welch, P.A., of Manning, for Respondent.

Justice BURNETT:

We granted a writ of certiorari to review the Court of Appeals' opinion in *Cothran v. Brown,* 350 S.C. 352, 566 S.E.2d 548 (2002). We reverse.

Petitioner, Alvin Brown (Brown), pled guilty to reckless homicide, pursuant to S.C.Code Ann. § 56–5–2910 (1976), in connection with the death of Douglas J. McFaddin (McFad-

din). Respondent, Ferrell Cothran, as personal representative of McFaddin's estate, filed a civil action asserting wrongful death and survival claims against Brown. The trial court granted partial summary judgment for McFaddin's estate on the issue of liability, finding Brown's guilty plea estopped him from denying civil liability. A panel of the Court of Appeals reversed. The Court of Appeals subsequently granted Cothran's Petition for Rehearing *en banc* to consider whether Brown should be judicially estopped from asserting comparative negligence in this civil proceeding. A majority of the Court of Appeals held Brown to be judicially estopped from contesting liability. The majority also adopted the "competing affidavit" rule.

## ISSUES

I.  Did the Court of Appeals err in applying the doctrine of judicial estoppel to preclude Brown from asserting a comparative negligence defense in a civil proceeding when Brown had previously entered a guilty plea to criminal charges arising from the same automobile accident?

II.  Did the Court of Appeals err in finding Brown's second affidavit did not merit consideration for summary judgment purposes?

## I.

This matter arose out of an automobile accident. Brown was driving his vehicle east on Rainbow Lake Road in Clarendon County on the night of December 2, 1995. McFaddin had parked his westbound truck on the eastbound shoulder near the curve of the road with the vehicle headlights on. Brown entered the left-hand curve, saw the headlights on McFaddin's vehicle, swerved to his right off the paved surface of the road, striking McFaddin, who was standing outside his vehicle calling his dogs after a day of hunting. Brown was given a chemical test of his breath which registered an alcohol concentration of .17 percent. Brown told officers at the scene that, as he came around the curve, he saw headlights in his lane and swerved to the right, striking McFaddin and colliding with McFaddin's vehicle.

At the plea hearing, Brown admitted his guilt and explained to the plea judge that he was blinded by the headlights on McFaddin's vehicle. Plea counsel presented Brown's statement to the officer at the scene, as well as a map, survey, and video recreation of the accident scene to illustrate the position of McFaddin's vehicle. The recreation demonstrated the appearance of the headlights from Brown's perspective. Brown believed McFaddin's vehicle was traveling in Brown's lane and a head-on collision was imminent.

In the civil proceeding, Cothran argued Brown's comparative negligence defense was inconsistent with his plea of guilty in the criminal proceeding. Brown's counsel presented the investigating officer's report and photographs of the accident scene. Additionally, Brown's counsel presented two affidavits, one by Brown, and one by Maechearda McCray.[1]

Judicial estoppel is an equitable concept that prevents a litigant from asserting a position inconsistent with, or in conflict with, one the litigant has previously asserted in the same or related proceeding. *See Colleton Reg. Hosp. v. MRS Med. Rev. Systs.*, 866 F.Supp. 896, 900 (D.S.C.1994). The purpose of the doctrine is to ensure the integrity of the judicial process, not to protect the parties from allegedly dishonest conduct by their adversary. *See Hawkins v. Bruno Yacht Sales*, 353 S.C. 31, 42, 577 S.E.2d 202, 208 (2003).

In *Hayne Fed. Credit Union v. Bailey*, 327 S.C. 242, 251, 489 S.E.2d 472, 477 (1997), we formally adopted the doctrine of judicial estoppel as it relates to matters of fact, not law. For the following reasons, we reverse the Court of Appeals' application of judicial estoppel.

This Court has not previously explicitly delineated the requirements for the application of judicial estoppel. We now adopt the following elements necessary for the doctrine to apply: (1) two inconsistent positions taken by the same party or parties in privity with one another; (2) the positions must

---

1. McCray's affidavit states McCray saw Brown before the accident and Brown did not appear to be drunk. Additionally, McCray stated he returned to the accident scene with Brown and McFaddin's vehicle was positioned in such a way that its headlights blinded oncoming cars, making a head-on collision seem imminent to vehicles traveling in Brown's direction.

be taken in the same or related proceedings involving the same party or parties in privity with each other; (3) the party taking the position must have been successful in maintaining that position and have received some benefit; (4) the inconsistency must be part of an intentional effort to mislead the court; and (5) the two positions must be totally inconsistent. *See Carrigg v. Cannon,* 347 S.C. 75, 83, 552 S.E.2d 767, 772 (Ct.App.2001).

The evidence in this matter fails to satisfy the first, fourth and fifth elements.

As to the first element, Brown has consistently maintained McFaddin's vehicle was parked in such a way that the vehicle's headlights blinded and confused him. His position at the accident scene, the guilty plea proceeding and the summary judgment hearing has been consistent.

In concluding Brown was judicially estopped from contesting liability, the Court of Appeals focused on a statement made by Brown's plea counsel at the plea hearing. At the plea hearing, Brown admitted fault and also stated he was blinded by McFaddin's headlights. His plea counsel attempted to clarify Brown's position.[2] Plea counsel's statement was an attempt to reinforce his client's acceptance of fault to ensure the successful entry of the guilty plea. It is not surprising that counsel made such an effort under these circumstances to encourage the sentencing judge to accept the plea.

The doctrine of judicial estoppel is an equitable concept and should be applied sparingly, with clear regard for the facts of the particular case. The application of judicial estoppel must be determined on a case-by-case basis, and must not be applied to impede the truth-seeking function of the court. In the context of the entire plea proceeding, Brown's counsel's statements, which were intended to reinforce his client's acceptance of fault for the criminal charge, do not represent a different factual scenario than the one continuously set forth by Brown in both the plea and summary judgment hearings.

---

**2.** Brown's plea counsel stated, in part, "You know, he's not trying to indicate to you or to anyone else in this courtroom that [McFaddin] caused the accident or had anything to do with the accident."

As to the fourth element, Brown has consistently maintained he was blinded by McFaddin's headlights. We find no evidence Brown sought to intentionally mislead the trial court. To the contrary, Brown has repeatedly stated the position of McFaddin's vehicle was a contributing cause of the accident. In both the plea and summary judgment hearings, Brown submitted evidence supporting this contention.

■ As to the fifth element, McFaddin's conduct is not germane to Brown's guilty plea. The plea judge was not required to consider McFaddin's negligence, if any, in any regard with Brown's guilty plea. Brown is bound by his factual admissions at his guilty plea. By virtue of that plea, Brown admitted he is criminally responsible for McFaddin's death. He cannot, thereafter, deny liability in a civil proceeding. *See Doe v. Doe*, 346 S.C. 145, 148, 551 S.E.2d 257, 258 (2001) (holding that once a person is criminally convicted he is collaterally estopped from relitigating his guilt in a subsequent civil proceeding if the civil proceeding is based on the same facts underlying the criminal conviction). However, because McFaddin's relative fault, if any, was not at issue in the guilty plea, Brown is entitled to contest it in a subsequent civil proceeding. Brown's guilty plea is not totally inconsistent with his comparative negligence defense in the civil proceeding because McFaddin's negligence, if any, was not an issue for consideration by the judge at the plea hearing. McFaddin's negligence, if any, under a theory of comparative negligence is a question for the jury.

## II.

■ Although unnecessary for resolution of this appeal, for the benefit of the Bench and Bar, we address the "competing affidavit" rule, also commonly referred to as the "sham affidavit" rule. Brown argues the Court of Appeals erred in affirming the trial court's grant of summary judgment on the additional sustaining ground that Brown presented no evidence of McFaddin's negligence. Brown argues, *inter alia*, the court erred in disregarding his second affidavit. Brown signed two affidavits. In his first affidavit, Brown stated he struck McFaddin as a result of his alcohol consumption. In his second affidavit, Brown stated he was not drunk at the

time of the accident, although he had been consuming alcohol, and the cause of the accident was his inability to determine the position of McFaddin's vehicle.

We find persuasive the reasoning of federal case law. Federal courts, including the Fourth Circuit, have held a court may disregard a subsequent affidavit as a "sham," that is, as not creating an issue of fact for purposes of summary judgment, by submitting the subsequent affidavit to contradict that party's own prior sworn statement. *See Margo v. Weiss*, 213 F.3d 55, 63 (2nd Cir.2000); *Rohrbough v. Wyeth Labs. Inc.*, 916 F.2d 970, 976 (4th Cir.1990); *Martin v. Merrell Dow Pharmaceuticals, Inc.*, 851 F.2d 703, 705 (3rd Cir.1988).

In distinguishing between a sham affidavit and a correcting or clarifying affidavit, the following considerations provide guidance: (1) whether an explanation is offered for the statements that contradict prior sworn statements; (2) the importance to the litigation of the fact about which there is a contradiction; (3) whether the nonmovant had access to this fact prior to the previous sworn testimony; (4) the frequency and degree of variation between statements in the previous sworn testimony and statements made in the later affidavit concerning this fact; (5) whether the previous sworn testimony indicates the witness was confused at the time; (6) when, in relation to summary judgment, the second affidavit is submitted. *See Pittman v. Atlantic Realty Co.*, 359 Md. 513, 754 A.2d 1030, 1042 (2000).[3]

Although our finding on the competing affidavit rule is not necessary for resolution of this matter, we conclude the Court of Appeals misapplied the rule under the facts of this case. The competing affidavit rule is an exception to a general prohibition against a judge excluding a contradictory affidavit from consideration and is used only when the affidavit is an attempt to create a sham issue of material fact. *See Hancock v. Bureau of Nat'l Affairs*, 645 A.2d 588, 591

---

3. The considerations developed by the Maryland Supreme Court primarily address the factual circumstance in which a party or witness has been deposed and subsequently submitted an affidavit in contradiction of the previous deposition testimony. We have modified the language to include the current factual scenario, where a party has submitted an affidavit conflicting with prior sworn testimony.

(D.C.Cir.1994). Brown did not intend to create a sham issue. Brown has consistently asserted throughout the criminal and civil proceedings that he was blinded by the headlights of McFaddin's vehicle. Therefore, it cannot be said Brown's second affidavit was admitted for the sole purpose of creating a "sham" issue of fact.

**REVERSED.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.