THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Jacob W. Black,
 Jr., Appellant,
 v.
 William E.
 Black, William Lee Black, James B. Black, and Clayton E. Black, Respondents.
 
 
 

Appeal From Lexington County
 J. C. Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No. 2011-UP-118
Submitted March 1, 2011  Filed March 23, 2011    

AFFIRMED

 
 
 
 Matthew P. Turner, of Laurens, for Appellant.
 S. Jahue Moore, of West Columbia, for Respondents.
 
 
 

PER CURIAM: Jacob W. Black, Jr. appeals the trial court's grant of
 summary judgment in favor of William E. Black, William Lee Black, James B.
 Black, and Clayton E. Black, arguing the trial court erred in granting summary
 judgment based on the statute of limitations where the trial court disregarded
 two affidavits under the sham affidavit rule.  We affirm[1] pursuant to Rule 220(b)(1), SCACR and the following authorities:  S.C. Code
 Ann. § 15-3-530(1) (2005) (stating the statute of limitations for an action
 upon a contract, obligation, or liability is three years); Rule 56(c), SCRCP
 (The trial court should grant summary judgment "if the pleadings,
 depositions, answers to interrogatories, and admissions on file, together with
 the affidavits, if any, show that there is no genuine issue as to any material
 fact and that the moving party is entitled to a judgment as a matter of law"); Cothran v. Brown, 357 S.C. 210, 218, 592 S.E.2d 629,
 633 (2004) ("[A] court may disregard a subsequent affidavit as a
 'sham,' that is, as not creating an issue of fact for purposes of summary
 judgment, by submitting the subsequent affidavit to contradict that party's own
 prior sworn statement."); Id. ("In distinguishing between a
 sham affidavit and a correcting or clarifying affidavit, the following
 considerations provide guidance: (1) whether an explanation is offered for the
 statements that contradict prior sworn statements; (2) the importance to the
 litigation of the fact about which there is a contradiction; (3) whether the
 nonmovant had access to this fact prior to the previous sworn testimony; (4)
 the frequency and degree of variation between statements in the previous sworn
 testimony and statements made in the later affidavit concerning this fact; (5)
 whether the previous sworn testimony indicates the witness was confused at the
 time; (6) when, in relation to summary judgment, the second affidavit is
 submitted.").[2]
AFFIRMED.
GEATHERS
 and LOCKEMY, JJ., and CURETON, A.J.   

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Because we find the affidavits are a sham, the Record
 on Appeal clearly indicates the action was filed outside of the three year
 statute of limitations.