THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Jerry C. Pryor, Appellant,
 
 
 

v.

 
 
 
 William Portnoy
 and Charleston Aluminum, LLC, Respondents.
 
 
 

Appeal From Calhoun County
 James C. Williams, Jr., Circuit Court
Judge

Unpublished Opinion No. 2011-UP-564   
 Heard September 14, 2011  Filed December
13, 2011

AFFIRMED

 
 
 
 Ammon Tice Lesher, of Greenville and D.
 Reece Williams, III, of Columbia, for Appellant.
 Clay Robinson and R. Geoffrey Levy, both of
 Columbia, for Respondents.
 
 
 

PER CURIAM: Jerry
 Pryor appeals the trial court's order granting summary judgment to William
 Portnoy and Charleston Aluminum, LLC., (collectively Respondents) in which the
 court held Pryor's claims were barred by the statute of limitations.  
1) As to Pryor's
 argument Respondents' failure to establish the date of execution for the Charleston
 Aluminum Trading Company Operating Agreement creates a genuine issue of
 material fact, we find this issue was neither raised to nor ruled on by the
 trial court.  Accordingly, it is not preserved.  See Wilder Corp. v.
 Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic
 that an issue cannot be raised for the first time on appeal, but must have been
 raised to and ruled upon by the trial judge to be preserved for appellate
 review."); Noisette v. Ismail, 304 S.C. 56, 58, 403 S.E.2d 122, 124
 (1991) (holding that where a trial court does not explicitly rule on an
 argument raised, and appellant makes no Rule 59(e) motion to obtain a ruling,
 the appellate court may not address the issue).
2) As to Pryor's argument
 the trial court failed to properly apply the scintilla of evidence rule and
 view the evidence and draw all inferences therefrom in the light most favorable
to Pryor, we find no error in the trial court's ruling.  
The record contains notes
 from Pryor's attorney and email correspondence between Pryor and his attorney
 indicating that in late March and early April of 2004, Pryor and the attorney
 discussed how he had been replaced at Charleston Aluminum and the business had
 undergone a reinvention "probably to exclude him."  In his
 deposition, Pryor admitted the discussions were based upon his belief he had
 been wrongfully deprived of his ownership interest in Charleston Aluminum.  
Pryor claimed in an affidavit
 he first became aware of the Operating Agreement for Charleston Aluminum, which
 excluded his ownership interest, in June, 2006.  He stated, "At no point
 prior to June 2006, did I engage in any discussions with my attorneys or anyone
 else about a possible cause of action against William Portnoy or Charleston
 Aluminum for recovery of my ownership interest in Charleston Aluminum."  "[A]
 court may disregard a subsequent affidavit as a 'sham,' that is, as not
 creating an issue of fact for purposes of summary judgment, by submitting the
 subsequent affidavit to contradict that party's own prior sworn statement."
  Cothran v. Brown, 357 S.C. 210, 218, 592 S.E.2d 629, 633 (2004).  Furthermore,
 the statute of limitations began to run when Pryor became aware he had been
 wrongfully deprived of his ownership interest in Charleston Aluminum even if he
 and his attorney did not discuss possible causes of action against Respondents
 for recovery of his ownership interest in Charleston Aluminum at that time.  See Epstein v. Brown, 363 S.C. 372, 376, 610 S.E.2d 816, 818 (2005) (stating
 the statute begins to run at the point of discovery of facts and not when
 advice of counsel is sought or a full-blown theory of recovery is developed).  
Pryor also argues his April,
 2004 discussions with his attorney did not trigger the running of the statute
 of limitations given the lack of evidence establishing Pryor's claims actually
 existed at that time.  This argument is the same as his first issue.  As stated
 above, Pryor did not raise this argument to the trial court.  Accordingly, it
 is not preserved.  
AFFIRMED.
HUFF, PIEPER,
 and LOCKEMY, JJ., concur.