**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Angela Drexler, Appellant,

v.

CitiMortgage, Inc., Stonegate Properties, Inc., and Branch Banking and Trust Company, Inc., Defendants,

Of Whom CitiMortgage, Inc. is the Respondent.

Appellate Case No. 2012-211306

———————————

Appeal From Berkeley County
Roger M. Young, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-164
Heard April 3, 2013 – Filed April 24, 2013

———————————

**AFFIRMED**

———————————

David P. Traywick, of Traywick Law Offices, LLC, of Isle of Palms, and James E. Sterling, of Smith, Jordan, Lavery & Lee, P.A., of Piedmont, for Appellant.

Sarah B. Nielsen and Thad H. Westbrook, of Nelson Mullins Riley & Scarborough LLP, of Columbia, for Respondent.

———————————

**PER CURIAM:**  In this lender liability case, Appellant Angela Drexler (Drexler) seeks review of the circuit court's grant of summary judgment to Respondent CitiMortgage, Inc. (CitiMortgage) on the ground that Drexler's claims against CitiMortgage are barred by res judicata and collateral estoppel.  CitiMortgage seeks dismissal of Drexler's appeal on the ground that she did not timely serve her Notice of Appeal.  We decline to dismiss the appeal and affirm the circuit court's order.

1.  As to the timeliness of Drexler's appeal (Drexler's issue # 11), we conclude that she timely served the Notice of Appeal.  *See* Rule 203(b)(1), SCACR (requiring service of the notice of appeal within thirty days after receipt of written notice of entry of the order or judgment but stating that when a timely post-trial motion has been made, "the time for appeal for all parties shall be stayed and shall run from receipt of written notice of entry of the order granting or denying such motion").

While we do not condone counsel's submission of the consent order to Judge Jefferson, the consent order does not express an intent on the part of Drexler or counsel to withdraw the Rule 59(e) motion.  Further, Drexler was not judicially estopped from proceeding on the Rule 59(e) motion because the representation in question, i.e., that CitiMortgage was no longer a party to the action, was in the nature of a conclusion of law rather than an assertion of fact.  *See Cothran v. Brown*, 357 S.C. 210, 215, 592 S.E.2d 629, 631 (2004) (stating that South Carolina has adopted the doctrine of judicial estoppel as it relates to matters of fact, not law); *Hayne Fed. Credit Union v. Bailey*, 327 S.C. 242, 251, 489 S.E.2d 472, 477 (1997) ("[T]he doctrine [of judicial estoppel] does not apply to conclusions of law or assertions of legal theories.").

Moreover, Drexler did not benefit from the representation in question; the consent order was void in the absence of the consent of CitiMortgage, who, by virtue of the pending Rule 59(e) motion, was still a party to the action.  *See Se. Hous. Found. v. Smith*, 380 S.C. 621, 640, 670 S.E.2d 680, 690 (Ct. App. 2008) (indicating that a Rule 59(e) motion removes the finality of the challenged judgment).  Therefore, judicial estoppel would not apply even if the representation in question had been one of fact.  *Cothran*, 357 S.C. at 216, 592 S.E.2d at 632 (holding that for the doctrine of judicial estoppel to apply, the party taking the position must have been successful in maintaining a previous position and have received some benefit from it).

Even if Judge Young's ruling that Drexler effectively withdrew her Rule 59(e) motion had been binding on her, the thirty-day period for serving the Notice of Appeal would have begun on March 7, 2012, when Drexler received written notice of the entry of the order in which Judge Young made this ruling. *See De Leon v. Marcos*, 659 F.3d 1276, 1281 (10th Cir. 2011) (holding that the appellant was entitled to tolling of the time period for filing his notice of appeal, despite the fact that he withdrew his Rule 59 motion, because the district court issued an order acknowledging the withdrawal); *United States v. Rodriguez*, 892 F.2d 233, 236 (2d Cir. 1989) ("[A] timely motion staying the finality of a judgment will toll the period for appeal at least until the motion is withdrawn, and probably until the district court takes some official action to acknowledge the withdrawal of the motion."); *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1442 (9th Cir. 1986) (holding that the date of withdrawal of the appellant's Rule 59 motion was April 1, 1985, the date on which the district court issued an order declaring the Rule 59 motion withdrawn, rather than March 12, 1985, the date on which the appellant filed its "Notice of Intention to Dismiss Action," and, thus, the district court did not err in recognizing that the time for appeal began to run on April 1); *Gardner v. Newsome Chevrolet-Buick, Inc.*, 304 S.C. 328, 330, 404 S.E.2d 200, 201 (1991) ("Since our Rules of Procedure are based on the Federal Rules, where there is no South Carolina law, we look to the construction placed on the Federal Rules of Civil Procedure."); *see also Nadeau v. Nadeau*, 861 P.2d 754, 757 (Haw. Ct. App. 1993) ("[T]he motion's tolling effect continued until the family court's . . . order granted Father's motion to withdraw it. Our decision is based on the facts that the motion [for reconsideration] could not be withdrawn without the family court's approval and jurisdictional matters require certainty.").

Based on the foregoing, Drexler timely served her Notice of Appeal.

2. As to whether the circuit court erred in granting summary judgment without giving Drexler an opportunity to engage in discovery (Drexler's issue # 3), we affirm pursuant to Rule 220(b), SCACR, and the following authority: *Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003) (holding that when the nonmoving party requests a delay in ruling on a summary judgment motion until further discovery may be completed, the party "must demonstrate the likelihood that further discovery will uncover additional relevant evidence and that the party is not merely engaged in a fishing expedition" (citation and quotation marks omitted)).

3. As to the circuit court's conversion of the motion to dismiss into a summary judgment motion (Drexler's issue # 2), Drexler was not prejudiced by this

procedure. All facts that were material to the questions of res judicata and collateral estoppel were contained within the public records attached to the motion to dismiss and CitiMortgage's memorandum in support of the motion to dismiss.

In any event, because the circuit court filed the order granting summary judgment over four months after CitiMortgage filed the motion to dismiss and almost three months after CitiMortgage filed its memorandum in support of the motion, Drexler had an opportunity to introduce evidentiary matters of her own. *Cf. Pitts v. Jackson Nat'l Life Ins. Co.*, 352 S.C. 319, 329, 574 S.E.2d 502, 506 (Ct. App. 2002) (recognizing the circuit court's implicit conversion of a motion to dismiss into a summary judgment motion by considering materials outside the pleadings when the parties had ample opportunity to introduce additional evidentiary matters within the six months between the filing of the memorandum to which the outside materials were attached and the filing of the order dismissing certain claims).

4.  As to the party identity element of res judicata (Drexler's issue # 7), we affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *Beall v. Doe*, 281 S.C. 363, 369 n.1, 315 S.E.2d 186, 189 n.1 (Ct. App. 1984) ("A final judgment on the merits in a prior action will conclude the parties *and their privies* under the doctrine of *res judicata* in a second action based on the same claim as to issues actually litigated and as to issues which might have been litigated in the first action." (emphasis added)); *Yelsen Land Co. v. State*, 397 S.C. 15, 22, 723 S.E.2d 592, 596 (2012) ("For purpose of res judicata . . . the concept of privity rests not on the relationship between the parties asserting it, but rather on each party's relationship to the subject matter of the litigation." (citing *Richburg v. Baughman*, 290 S.C. 431, 434, 351 S.E.2d 164, 166 (1986))); *Richburg*, 290 S.C. at 434, 351 S.E.2d at 166 ("The term 'privy', when applied to a judgment or decree, means one so identified in interest with another that he represents the same legal right."); *cf. In re Neals*, 459 B.R. 612, 617 (Bankr. D.S.C. 2011) (defining a real party in interest in the context of Rule 17 of the Federal Rules of Civil Procedure as a "person who possesses the right to enforce the claim and who has a significant interest in the litigation"); *id.* ("[T]here is a general view, which has been accepted in this jurisdiction and others, that a loan servicer is a 'party in interest' and has standing by virtue of its pecuniary interest in collecting payments under the terms of the note and mortgage." (citations omitted)).

5.  As to the subject matter element of res judicata (Drexler's issue # 8), we affirm pursuant to Rule 220(b), SCACR, and the following authorities:  Rule 60(b), SCRCP ("[T]he procedure for obtaining any relief from a judgment shall be by

motion as prescribed in these rules *or* by an independent action." (emphasis added)); *Michau v. Georgetown Cnty. ex rel. S.C. Counties Workers Comp. Trust*, 396 S.C. 589, 595, 723 S.E.2d 805, 808 (2012) (holding that the use of the word "or" in a statute "is a disjunctive particle that marks an alternative" (citation and quotation marks omitted)); *Judy v. Judy*, 383 S.C. 1, 10, 677 S.E.2d 213, 218 (Ct. App. 2009) ("[I]dentity of the subject matter of the two suits rests not in their forms of action or the relief sought, but rather, in the combination of the facts and law that give rise to a claim for relief."), *aff'd*, 393 S.C. 160, 712 S.E.2d 408 (2011); Restatement (Second) of Judgments § 24(1) (1982) ("When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar . . . the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose."); *id.* § 25 (stating that the plaintiff's claim is extinguished even when the plaintiff is "prepared in the second action (1) [t]o present evidence or grounds or theories of the case not presented in the first action, or (2) [t]o seek remedies or forms of relief not demanded in the first action").

6. As to Drexler's issues # 1, 4, 5, 6, 9, and 10, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Stanko*, Op. No. 27224 (S.C. Sup. Ct. filed February 27, 2013) (Shearouse Adv. Sh. No. 9 at 79, 90) ("The losing party generally must both present his issues *and arguments* to the lower court *and obtain a ruling* before an appellate court will review those arguments." (quoting *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000)) (emphasis added)); *id.* ("Imposing this preservation requirement on the appellant is meant to enable the lower court to rule properly after it has considered all relevant facts, law, *and arguments*." (emphasis added)); *Hancock v. Wal-Mart Stores, Inc.*, 355 S.C. 168, 171, 584 S.E.2d 398, 399 (Ct. App. 2003) (concluding that an issue not addressed in the trial court's order was not preserved for appellate review because the appellant did not file a motion under Rule 59(e), SCRCP, seeking a ruling on the issue).

7. We decline to address CitiMortgage's additional sustaining grounds. *See I'On*, 338 S.C. at 420, 526 S.E.2d at 723 ("It is within the appellate court's discretion whether to address any additional sustaining grounds.").

**AFFIRMED.**

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**