**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Melvin Muldrow, Appellant,

v.

Herman Muldrow, Respondent.

Appellate Case No. 2012-207506

Appeal From Sumter County
W. Jeffrey Young, Circuit Court Judge

Unpublished Opinion No. 2013-UP-373
Heard September 10, 2013 – Filed October 9, 2013

**REVERSED AND REMANDED**

Irma Pringle Brooks and Charles Thomas Brooks, both of Law Offices of Charles T. Brooks, III, of Sumter, for Appellant.

Thomas E. Player, Jr., of Player & McMillan, LLC, of Sumter, for Respondent.

**PER CURIAM:** In this tort action, Melvin Muldrow argues the trial court erred in granting summary judgment in favor of his brother, Herman Muldrow. Melvin contends that the trial court erred in refusing to consider his affidavit in determining that he failed to present sufficient evidence to survive Herman's

motion for summary judgment. We reverse and remand pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the trial court erred in refusing to consider Melvin's affidavit in a summary judgment determination: *Cothran v. Brown*, 357 S.C. 210, 218, 592 S.E.2d 629, 633 (2004) (holding that "a court may disregard a subsequent affidavit as a 'sham,' that is, as not creating an issue of fact for purposes of summary judgment, by submitting the subsequent affidavit to contradict that party's own prior sworn statement"); *id.* (noting that a court distinguishing between a sham affidavit and a correcting or clarifying affidavit considers: "(1) whether an explanation is offered for the statements that contradict prior sworn statements . . . [and] (3) whether the nonmovant had access to this fact prior to the previous sworn testimony").

2.      As to whether the trial court erred in granting summary judgment: Rule 56(c), SCRCP (providing that a moving party is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law"); *Sauner v. Pub. Serv. Auth. of S.C.,* 354 S.C. 397, 404, 581 S.E.2d 161, 165 (2003) (stating that in making a summary judgment determination, the evidence and all reasonable inferences drawn therefrom must be viewed in a light most favorable to the non-moving party); *Hancock v. Mid-South Mgmt. Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009) ("In cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment.").

**REVERSED AND REMANDED.**

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**