**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Stoneledge at Lake Keowee Owners' Association, Inc.,
C. Dan Carson, Jeffrey J. Dauler, Joan W. Davenport,
Michael Furnari, Donna Furnari, Jessy B. Grasso, Nancy
E. Grasso, Robert P. Hayes, Lucy H. Hayes, Ty Hix,
Jennifer D. Hix, Paul W. Hund, III, Ruth E. Isaac,
Michael D. Plourde, Mary Lou K. Plourde, Carol C.
Pope, Steven B. Taylor, Bette J. Taylor, Robert White,
Individually, and on behalf of all others similarly
situated, Appellants,

v.

IMK Development Co., LLC, Keowee Townhouses,
LLC, Ludwig Corporation, LLC, SDI Funding, LLC,
Medallion At Keowee, LLC, Integrys Keowee
Development, LLC, Marick Home Builders, LLC, Bostic
Brothers Construction, Inc., Miller/Player & Associates,
John Ludwig, M Group Construction and Development,
LLC, Clearview Construction, Michael Franz, MHC
Contractors, Miguel Porras Choncoas, Builders First
Source Southeast Group, Mike Green, Southern Concrete
Specialties, Carl Compton d/b/a Compton Enterprise
a/k/a Compton Enterprises, Gunter Heating & Air, All
Pro Heating, A/C & Refrigeration, LLC, Coleman
Waterproofing, Heyward Electrical Services, Inc.,
Tinsley Electrical, LLC, Hutch N Son Construction, Inc.,
Carl Catoe Construction, Inc., T.G. Construction, LLC,
Defino Construction, Francisco Javier Zarate d/b/a Zarate
Construction, Alejandro Avalos Cruz, Herberto Acros
Hernandez, Martin Hernandez-Aviles, Francisco
Villalobos Lopez, Ambrosio Martinez-Ramirez, Ester

Moran Mentado, Socorro Castillo Montel, Upstate Utilities, Inc. d/b/a MJF Construction, KMAC of the Carolinas, Inc., Eufacio Garcia, Everado Jarmamillo, Garcia Parra Insulation, Inc., J&J Construction, Jose Nino, Jose Manuel Garcia, Eason Construction, Inc., and Vincent Morales d/b/a Morales Masonry, Defendants,

Of Whom Gunter Heating & Air, and All Pro Heating, A/C & Refrigeration, LLC are Respondents.

Appellate Case No. 2012-212830

Appeal From Oconee County
Alexander S. Macaulay, Circuit Court Judge

Unpublished Opinion No. 2014-UP-062
Heard December 11, 2013 – Filed February 12, 2014

**AFFIRMED**

Robert T. Lyles, Jr., of Lyles & Lyles, LLC, of Charleston, for Appellants.

Anne Ross Culbreath and Charles Franklin Turner, Jr., both of Turner Padget Graham & Laney, PA, of Greenville, for Respondent All Pro Heating A/C & Refrigeration, LLC; and James Victor McDade, of Doyle Tate & McDade, PA, of Anderson, and Bradford William Cranshaw and Danielle F. Payne, both of Grier, Cox, & Cranshaw, LLC, both of Columbia, for Respondent Gunter Heating & Air.

**PER CURIAM:**  The circuit court granted summary judgment against all plaintiffs in favor of defendants All Pro Heating, A/C & Refrigeration and Gunter Heating & Air.  We affirm.

The circuit court excluded the affidavit of the plaintiffs' expert, Derek Hodgin, after determining it was a sham affidavit.  *See Cothran v. Brown*, 357 S.C. 210, 218, 592 S.E.2d 629, 633 (2004) (explaining the difference "between a sham affidavit and a correcting or clarifying affidavit").  The court ruled that without Hodgin's affidavit, the plaintiffs presented no issue of material fact, and thus All Pro and Gunter were entitled to judgment as a matter of law.  *See* Rule 56, SCRCP.  However, the circuit court also ruled that even considering the affidavit, the plaintiffs' evidence "does not create an issue of fact to withstand summary judgment."  We do not address whether Hodgin's affidavit was a sham because we agree with the circuit court that, even considering the affidavit, the plaintiffs submitted only speculation, and no evidence, as to who cut the truss.  Therefore, there is no issue of material fact, and All Pro and Gunter were entitled to judgment as a matter of law.  *See Pres. Capital Consultants, LLC v. First Am. Title Ins. Co.*, 406 S.C. 309, 315, 751 S.E.2d 256, 259 (2013) ("Summary judgment is proper if, viewing the evidence in a light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.").

For the reasons stated above, the circuit court's granting of summary judgment is

**AFFIRMED.**

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**