**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Green Tree Servicing, LLC, Respondent,

v.

Jacqueline L. Taylor a/k/a/ Jacqueline Taylor Hendricks, Appellant.

Appellate Case No. 2016-001389

Appeal From Richland County
G. Thomas Cooper, Circuit Court Judge,

Unpublished Opinion No. 2018-UP-427
Submitted June 1, 2018 – Filed November 21, 2018

**AFFIRMED**

William H. Edwards, of Moore Taylor Law Firm, P.A., of West Columbia, for Appellant.

Magalie S. Creech, of Finkel Law Firm, LLC, of Charleston, for Respondent.

**PER CURIAM:** Jacqueline Hendricks (Hendricks) appeals the grant of summary judgment to Green Tree Servicing (Green Tree). The circuit court found judicial estoppel prevented Hendricks from asserting counterclaims arising from a

dismissed foreclosure action because she did not disclose them in the associated bankruptcy proceeding.  We affirm.

## FACTS/PROCEDURAL HISTORY

Green Tree commenced a foreclosure action against Hendricks in 2013 after Hendricks defaulted on her monthly mortgage payments in 2009.  Hendricks filed counterclaims against Green Tree, claiming breach of contract, intentional infliction of emotional distress, negligence, and a violation of a South Carolina Supreme Court order.  Hendricks filed for bankruptcy in 2014 and submitted "Schedule B - Personal Property", wherein she claimed there were no "other contingent and unliquidated claims . . . including . . . counterclaims."  During the bankruptcy, Hendricks received a loan modification from Green Tree.  In her affidavit filed March 30, 2016, Hendricks stated the following:

> [A]fter consulting with my bankruptcy attorney, I was told some of these counterclaims were 'moot' and not worth pursuing due to the mortgage modification I had obtained.  Thereafter, I amended my Answer and Counterclaim on August 18, 2014.  On October 3, 2014, I filed for bankruptcy under Chapter 13 and provided my Schedule of Assets as required under this type of proceeding.

The bankruptcy proceeding was dismissed by court order in 2015.  Green Tree's foreclosure action was dismissed by court order in 2015 but Hendricks's counterclaims were not.  The circuit court granted Green Tree's motion for summary judgment on the counterclaims, finding Hendricks was judicially estopped from asserting them.  The circuit court found Hendricks had motive to conceal the counterclaims because her recovery, if any, would have been made available to Green Tree.

## ISSUES ON APPEAL

1.  Did the circuit court err in finding Hendricks was judicially estopped from asserting her counterclaims against Green Tree?

2.  Did the circuit court err in failing to find Green Tree has unclean hands?

## STANDARD OF REVIEW

In reviewing the grant of a summary judgment motion, this court applies the same standard which governs the circuit court: summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Rule 56(c), SCRCP; *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 114–15, 410 S.E.2d 537, 545 (1991).  "Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponent's case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings.  Rather, the nonmoving party must come forward with specific facts showing there is a genuine issue for trial."  *Peterson v. W. Am. Ins. Co.*, 336 S.C. 89, 94, 518 S.E.2d 608, 610 (Ct.App.1999); Rule 56(c), SCRCP.  "On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party below."  *Osborne v. Adams*, 346 S.C. 4, 7, 550 S.E.2d 319, 321 (2001); *accord Williams v. Chesterfield Lumber Co.*, 267 S.C. 607, 610, 230 S.E.2d 447, 448 (1976).

## LAW/ANALYSIS

"Judicial estoppel is an equitable concept that prevents a litigant from asserting a position inconsistent with, or in conflict with, one the litigant has previously asserted in the same or related proceeding."  *Cothran v. Brown*, 357 S.C. 210, 215, 592 S.E.2d 629, 631 (2004).  "The purpose of the doctrine is to ensure the integrity of the judicial process, not to protect the parties from allegedly dishonest conduct by their adversary."  *Id*.  In *Hayne Fed. Credit Union v. Bailey*, 327 S.C. 242, 251, 489 S.E.2d 472, 477 (1997), South Carolina formally adopted the doctrine of judicial estoppel as it relates to matters of fact.  The *Hayne* court noted

> [i]n order for the judicial process to function properly, litigants must approach it in a truthful manner. Although parties may vigorously assert their version of the facts, they may not misrepresent those facts in order to gain advantage in the process. The doctrine thus punishes those who take the truth-seeking function of the system lightly.

*Id.* at 251–52, 489 S.E.2d at 477.

In *Cothran*, the court explicitly delineated the requirements for the application of judicial estoppel as follows:

(1) two inconsistent positions taken by the same party or parties in privity with one another; (2) the positions must be taken in the same or related proceedings involving the same party or parties in privity with each other; (3) the party taking the position must have been successful in maintaining that position and have received some benefit; (4) the inconsistency must be part of an intentional effort to mislead the court; and (5) the two positions must be totally inconsistent.

*Cothran*, 357 S.C. at 215–216, 592 S.E.2d at 632.[1]

Hendricks argues she did not receive an advantage or benefit from the bankruptcy proceeding because it was dismissed. She claims she "followed her bankruptcy attorney's guidance to forego pleading the counterclaim since [she] was to receive a loan modification." However, the record shows Hendricks did not drop the counterclaims and she did receive a loan modification. This loan modification is a "benefit" derived from her concealment of the pending counterclaims, thereby satisfying the third element of the *Cothran* test. Furthermore, the record shows Hendricks was thoroughly aware of her pending counterclaims when she filed Schedule B with the bankruptcy court. Indeed, Hendricks signed the amended Answer and Counterclaim which maintained the counterclaims against Green Tree. This satisfies the fourth element of the *Cothran* requirements.

Hendricks also argues Green Tree "failed to demonstrate a detriment or prejudice against itself based upon omission of the counterclaim." She claims Green Tree was aware the counterclaim against it had not been dismissed. However, these arguments ignore the essential nature of judicial estoppel. As noted in *Cothran*, the purpose of judicial estoppel is to protect the integrity of the judicial process. 357 S.C. at 215, 592 S.E.2d at 631. As stated in the circuit court's order, the bankruptcy court relied on Hendricks's disclosure statements. "A Court must be able to rely on the statements made by the parties because truth is the bedrock of justice." *Quinn v. Sharon Corp.*, 343 S.C. 411, 416, 540 S.E.2d 474, 477 (Ct. App. 2000) (Anderson, J., concurring).

Hendricks claims the circuit court erred in failing to find Green Tree has unclean hands. However, the circuit court did not rule on this issue. Because Hendricks did not specifically ask for a ruling in the Rule 59(e) motion we believe it is not

---

[1] The parties agree elements one, two and five of the *Cothran* test are met. Therefore, the issue before us concerns elements three and four.

preserved for our review. "Issues and arguments are preserved for appellate review only when they are raised to and *ruled on* by the lower court." *Elam v. South Carolina Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779–80 (2004) (emphasis added).

**CONCLUSION**

Accordingly, the circuit court's grant of summary judgment to Green Tree is

**AFFIRMED.**[2]

**HUFF, GEATHERS, and MCDONALD, JJ., concur**.

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.