**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Donna M. Rosier, Appellant,

v.

Angelique Michelle Smith, Alexandria R. Downs, individually and as Personal Representative for the Estate of Barry E. Rosier and Savannah Rosier, Respondents.

Appellate Case No. 2017-002344

———

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

———

Unpublished Opinion No. 2021-UP-271
Submitted May 14, 2021 – Filed July 14, 2021

———

**AFFIRMED**

———

Lisa Hostetler Brown, of LawyerLisa, LLC, of Columbia, for Appellant.

Arthur W. Rich, of Arthur W. Rich, P.C.; Clarke W. McCants, III, of Nance and Nance; and Amy Patterson Shumpert, of Nance & McCants, all of Aiken, for Respondents.

———

**PER CURIAM:** In this probate action, Donna M. Rosier (Rosier) appeals the circuit court's order affirming the probate court's determination that she was not the lawful wife of Barry E. Rosier (Decedent) at the time of his death. We affirm.

1. We find the probate court had jurisdiction to declare Rosier and Decedent were not married at the time of Decedent's death. *See SPUR at Williams Brice Owners Ass'n v. Lalla*, 415 S.C. 72, 82, 781 S.E.2d 115, 120 (Ct. App. 2015) ("Declaratory judgment actions are neither legal nor equitable and, therefore, the standard of review depends on the nature of the underlying issues." (quoting *Judy v. Martin*, 381 S.C. 455, 458, 674 S.E.2d 151, 153 (2009))); *Neely v. Thomasson*, 365 S.C. 345, 349–50, 618 S.E.2d 884, 886 (2005) ("When a probate court proceeding is an action at law, the circuit court and the appellate court may not disturb the probate court's findings of fact unless a review of the record discloses there is no evidence to support them."); *id.* at 350, 618 S.E.2d at 886 ("Questions of law, however, may be decided with no particular deference to the lower court.").

Rosier contends the probate court's order effectively granted Decedent a "common law divorce" in finding she was not Decedent's heir at the time of Decedent's death. We disagree. In South Carolina, the concept of common law divorce does not exist, and probate courts hold exclusive jurisdiction over subject matter related to estates and the determination of a decedent's heirs. *See* S.C. Code Ann. § 62-1-302(a)(1) (Supp. 2020) ("[T]he probate court has exclusive original jurisdiction over all subject matter related to . . . estates of decedents, including . . . determination of heirs and successors of decedents."); S.C. Code Ann. § 62-1-201(20) (Supp. 2020) ("'Heirs' means those persons, including the surviving spouse, who are entitled under the statute of intestate succession to the property of a decedent."). Further, family courts hold exclusive jurisdiction to grant a divorce. S.C. Code Ann. § 63-3-530(A)(2) (2010) ("The family court has exclusive jurisdiction . . . to hear and determine actions for divorce."). The probate court found Rosier failed to prove she was Decedent's wife at the time of his death and therefore was not his heir. Because probate courts have exclusive jurisdiction to determine heirs, we find the probate court did not err in determining Rosier was not Decedent's heir at the time of Decedent's death. Accordingly, we affirm the circuit court on this issue.

2. We find the circuit court did not err in affirming the probate court's application of the doctrine of judicial estoppel. "Judicial estoppel is an equitable concept that prevents a litigant from asserting a position inconsistent with, or in conflict with, one the litigant has previously asserted in the same or related proceeding." *Cothran v. Brown*, 357 S.C. 210, 215, 592 S.E.2d 629, 631 (2004). Judicial

estoppel applies to matters of fact, not law. *Hayne Fed. Credit Union v. Bailey*, 327 S.C. 242, 251, 489 S.E.2d 472, 477 (1997). The following elements are necessary for the doctrine of judicial estoppel to apply:

> (1) two inconsistent positions taken by the same party . . . ; (2) the positions must be taken in the same or related proceedings involving the same party . . . ; (3) the party taking the position must have been successful in maintaining that position and have received some benefit; (4) the inconsistency must be part of an intentional effort to mislead the court; and (5) the two positions must be totally inconsistent.

*Cothran*, 357 S.C. at 215–16, 592 S.E.2d at 632.

Initially, Rosier contends judicial estoppel does not apply in this case because the issue of whether a marriage was terminated by divorce is a question of law, not fact. However, the existence of a valid marriage is a factual determination, which includes whether the marriage was properly terminated. *See Johnson v. Johnson*, 235 S.C. 542, 550, 112 S.E.2d 647, 651 (1960) ("The existence of a marriage is a question of fact." (quoting *Lucken v. Wichman*, 5 S.C. 411, 413 (1847))). The record is replete with evidence regarding Rosier's numerous marriages, including her marriage to Decedent, and devoid of evidence proving any of the marriages ended in divorce, creating a question of fact as to the existence of a valid legal marriage between Rosier and Decedent at the time of Decedent's death.

Second, Rosier contends obtaining the Morris License[1] was not a proceeding contemplated under the second element of judicial estoppel. We find obtaining a marriage license may properly be classified as a proceeding for purposes of

---

[1] The Morris License is a marriage license Rosier entered into in North Carolina with another man. Rosier admitted (1) she was under oath when she signed the Morris License; (2) the Morris License indicated her marriage to Morris was her fourth marriage; and (3) that her previous marriage, which was her marriage to Decedent ended in divorce. Above Rosier's signature, the Morris License read, **"WE HEREBY MAKE APPLICATION TO THE REGISTER OF DEEDS FOR A MARRIAGE LICENSE AND SOLEMNLY SWEAR THAT ALL OF THE STATEMENTS CONTAINED IN THE ABOVE APPLICATION ARE TRUE. WE FURTHER MAKE OATH THAT THERE IS NO LEGAL IMPEDIMENT TO SUCH MARRIAGE."**

judicial estoppel because marriage licenses are sworn, notarized legal documents. *See Cothran*, 357 S.C. at 215–16, 592 S.E.2d at 632 (requiring the inconsistent positions to be taken in the same or related proceedings); *Quinn v. Sharon Corp.*, 343 S.C. 411, 416, 540 S.E.2d 474, 476 (Ct. App. 2000) (Anderson, J., concurring in result) ("Under the doctrine of judicial estoppel, a party that has assumed a particular position in a judicial proceeding, via its pleadings, statements, or contentions made under oath, is prohibited from adopting an inconsistent posture in subsequent proceedings."); *cf. Wright v. Craft*, 372 S.C. 1, 37, 640 S.E.2d 486, 506 (Ct. App. 2006) (finding judicial estoppel did not apply to bar a negligence claim when a car owner asserted his vehicle was worthless but stated it was worth $15,000-16,000 in a loan application because the loan application was "not produced in any type of formal proceeding or litigation and was not a sworn statement").

As to whether the Morris License and Rosier's current petition for declaratory judgment naming her as Decedent's surviving spouse were related proceedings, our courts have taken a fairly broad view of the "same or related" requirement in element two. *See Hayne Fed. Credit Union v. Bailey*, 327 S.C. at 252, 489 S.E.2d at 477 (finding a party was judicially estopped from claiming he owned property in a foreclosure action when he claimed he did not own the property in a previous, unrelated divorce action); *Quinn*, 343 S.C. at 414–15, 540 S.E.2d at 476 (finding an appellant was judicially estopped from claiming he owned a corporation when he previously claimed his daughter owned the corporation in an answer and counterclaim for a different case and a hearing in another case). We find Rosier's actions are sufficiently related because the subject of Rosier's inconsistent representations was her marital status. *See Cothran*, 357 S.C. at 215–16, 592 S.E.2d at 632 (requiring the positions to be taken in the same or related proceedings). Accordingly, we find the second element of judicial estoppel is met.

Third, Rosier argues there is no evidence that she was successful in asserting her position because her marriage to Morris was void *ab initio*. However, we find this argument unpersuasive because it relies upon a finding that Rosier was Decedent's surviving spouse. Further, Rosier benefited from a marital relationship with Morris and admitted that she is still in a relationship with Morris and uses his last name. Accordingly, we find the third element of judicial estoppel is met.

Fourth, Rosier contends there is no evidence to indicate she intentionally misled the court and that her testimony and representations were the result of a lack of legal knowledge and understanding. We disagree. Rosier testified she was scared of going to jail after completing the Morris License because she knew bigamy was

illegal.  Moreover, when the court asked Rosier to confirm she knew she was not divorced from Decedent when she married the other two gentleman, Rosier replied, "I didn't know, I wasn't for sure.  [Decedent] could have gotten one[,] he had the means, he had the money, he was sneaky like that.  He would let somebody else sign my name for a divorce I mean I didn't know."  Furthermore, the Morris License indicated she was divorced from Decedent, and by that license, she swore under oath the statements included in it were true and that there were no legal impediments to her marriage to Morris.  When asked on cross-examination if she knew what the Morris License was, Rosier pled her Fifth Amendment right against self-incrimination.  Thus, we find the record indicates Rosier understood she was not divorced from Decedent at the time of her marriage to Morris and, therefore, she intentionally misled the court.  Accordingly, we find the fourth element of judicial estoppel is met.

Finally, Rosier's assertion that she was not divorced from Decedent completely contradicts her execution of the Morris License.  In her current petition, Rosier asserts that she was married to Decedent before his death and that the two were never divorced.  However, when completing the Morris License application, Rosier attested under oath that she was not married and that no legal impediments existed to prevent her marriage to Morris.  In making these two claims, Rosier asserted two totally inconsistent positions to the court.  *See Cothran*, 357 S.C. at 215–16, 592 S.E.2d at 632 (stating a party must assert two inconsistent positions that are completely irreconcilable to satisfy element one and five of judicial estoppel).  Accordingly, we find the first and fifth elements of judicial estoppel are met.

3. Rosier also argues the circuit court erred (1) in deferring to the probate court because it applied an incorrect burden of proof and (2) in finding there was evidence to support the probate court's determination that Rosier was not Decedent's lawful wife at the time of his death.  Because our prior findings are dispositive, we decline to address Rosier's remaining issues on appeal.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and KONDUROS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.